Argued December 20, 1973, affirmed February 5, reconsideration denied March 13, petition for review denied April 9, 1974

STATE OF OREGON, *Respondent, v.* HOWARD WALTER HARI (No. 79742), *Appellant.*

518 P2d 1054

*Bruce W. Williams,* Salem, argued the cause and filed the brief for appellant.

*John W. Burgess,* Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was convicted by a jury of first degree burglary. ORS 164.225. He appeals therefrom. We consider first the denial of defendant's motion to dismiss on the ground of the insufficiency of the evidence.

■ There was evidence that at 1:00 a.m. on March 4, 1973, Mr. and Mrs. Hamilton, upon returning to their motel room, noticed that the door was slightly ajar. As Mr. Hamilton got out of the car, he saw defendant and another man run out of the room. Mr. Hamilton chased defendant to a van which was parked in a lot across the street where defendant was subsequently arrested following his exiting from the van.

The Hamiltons had locked their door when leaving the prior morning. When they returned the weather stripping had been peeled off the door and an electric razor was missing from the room. The motion was correctly denied.

■ Next, defendant contends the court erred in not excluding from the evidence as an exhibit the notice

of alibi filed by the defendant prior to trial. The record shows:

"MR. BURT [defendant's attorney]: Your Honor, I will stipulate to putting this [the notice of alibi] into evidence. It bears my signature. It speaks for itself. I filed it."

Obviously there was no error in its admission, nor in the admission of otherwise unchallenged evidence relating to that exhibit.

Defendant next challenges the ruling of the court, refusing to appoint counsel for him on the appeal. Assuming without deciding this issue is properly before us, we note defendant had employed his own attorney for the trial. Following entry of the judgment and the filing of the notice of appeal, the record shows the trial court conducted a lengthy hearing concerning the claimed indigency of this 31-year-old, self-employed defendant, resulting in a 45 page transcript of testimony occupying portions of two days. At its conclusion the court said:

"Well, Mr. Hari, as of now I am not satisfied that it is up to the Court to support your appeal, by public funds, so the public defender is not appointed to represent you nor is the public defender required to pay for your transcript."

█ █ Subsequently, present counsel appeared and conducted all subsequent aspects of this appeal. At the hearings on the question of indigency, defendant was represented by the state public defender. Indigency is a question of fact which we review only to determine whether there was an abuse of discretion. *State v. Sands,* 2 Or App 575, 469 P2d 795, Sup Ct *review denied* (1970). *See also, Kirschbaum v. Abraham,* 267 Or 353, 517 P2d 272 (1973). Examination of the testimony

reveals no abuse of discretion. The assignment is without merit.

■ The final assignment of error challenges the sentence imposed on the defendant by the judgment order. It was less than the statutory maximum. There was no error.

Affirmed.