Argued and submitted September 19, affirmed
December 10, 1979, reconsideration denied January 17,
petition for review denied February 20, 1980 (288 Or 571)

# STATE OF OREGON,
## *Respondent,*
### *v.*
# DUANE ALAN GORDON,
## *Appellant.*

## (No. B50-032, CA 14333)

603 P2d 1196

R. Glenn Mitterman, Eugene, argued the cause and filed the brief for appellant.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals his conviction of assault in the fourth degree, assigning as error the trial court's refusal to appoint counsel for him on the ground that he was not indigent.

Defendant was arraigned on January 4, 1979, at which time he indicated that he wished to have counsel appointed for him. He was referred to the case coordinator and filled out a financial statement. This statement disclosed that defendant, age 19, was unmarried with no dependents, had less than a high school education and had quit his last job a month and a half earlier with the intention of joining the Navy. He listed no liabilities other than monthly rent and food expenses of $180—$190 per month. His assets consisted solely of a shotgun and a stereo which he stated could be sold for $750. On the basis of this statement, the court declined to appoint counsel.

When the case came up for docket call on April 23, defendant appeared in person. After stating he "guessed" he was ready for trial, defendant attempted to ask a question, but was cut off by the presiding judge with a promise to recall the case at the end if defendant wished clarification on any point. It does not appear that the case was recalled.

At the trial on May 8, defendant represented himself. So far as the record shows, no questions with respect to the reason for defendant's self-representation were raised at this time.

ORS 135.050(1) sets forth the criteria for a defendant to qualify for a court-appointed attorney[1] and

---

[1] ORS 135.050(1) provides:

"Suitable counsel for a defendant shall be appointed by a magistrate if:

"(a) The defendant is before a court or magistrate on a matter described in subsection (3) of this section; and

[513]

requires appointment if it "appears to the court that the defendant is without means and is unable to obtain counsel." ORS 135.050(1)(d). To qualify as an indigent, it is not necessary that a defendant be penniless; it is sufficient that the cost of obtaining an attorney would work a substantial hardship on a defendant or his family. ORS 135.050(2).

The statute requires the trial court to make a determination as to the indigency of the accused (ORS 135.050(1)(d)) based on the verified financial statement a defendant seeking appointed counsel is required to submit and any other information the court may request. ORS 135.050(1)(b). The determination is one of fact for the trial court and we review only to ascertain whether discretion was properly exercised. *State v. Hari,* 16 Or App 357, 359, 518 P2d 1054 (1974).

Here, the financial statement was the only evidence before the court. It revealed that defendant had $750 in saleable assets, no outstanding debts and no disabilities which would prevent him from obtaining work. From these facts the court could have concluded that the defendant had sufficient means to obtain counsel without undue hardship.

Affirmed.

"(b)   The defendant requests aid of counsel; and

"(c)   The defendant makes a verified financial statement and provides other information in writing under oath showing his lack of financial ability to obtain counsel and provide any other information required by the court that reasonably relates to his inability to obtain counsel; and

"(d)   It appears to the court that the defendant is without means and is unable to obtain counsel."