Argued and submitted November 27, 1985, reversed and remanded for new trial
May 14, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD ALLEN TOWLE,
*Appellant.*

(10-84-03667; CA A33798)

719 P2d 59

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

.

## ROSSMAN, J.

Defendant seeks reversal of his conviction for burglary in the first degree, assigning as error the trial court's determination that he was ineligible for court-appointed counsel. We reverse and remand for a new trial.

On May 8, 1984, defendant completed an affidavit of his financial condition, stating that he owned a home valued at $85,000, a 1971 Ford which could be sold for $500, $350 in a savings account and $136 in cash. At arraignment on May 18, 1984, defendant was advised of his right to court-appointed counsel. He asked if he could reapply for counsel, because his financial condition had changed since he had executed the affidavit on May 8. He told the court that he had learned that the $85,000 house which his grandparents had intended to give him was not going to be his. Defendant completed a new affidavit on May 18, showing that he had $108 in cash, $350 in savings and a co-owner's interest in a mobile home valued at $3,000. At a later arraignment, on May 21, defendant, who was still in custody, told the court that he planned to obtain the services of a lawyer. On May 22, 1984, the court signed an order that defendant was ineligible for court-appointed counsel.

At further arraignment proceedings on May 23 and May 29, defendant advised the court that he was still trying to secure the services of a lawyer. At his fifth pretrial appearance on June 1, defendant entered a "not guilty" plea and reported that he could not find an attorney who was willing to take his case, because he did not have the money to pay fees. He did not specifically request court-appointed counsel at that time. He told the court that the co-owner of the $3,000 mobile home was unwilling to purchase his half interest. He also explained that he had spent the $350 from his savings account on utility bills.[1] The court then told defendant that he would have to hire his own lawyer or proceed without one.

At a pretrial hearing on July 3, defendant told the court that he had been trying but had been financially unable

---

[1] The transcript of the June 1, 1984, proceeding indicates that one McCoy, perhaps an employe of the county, advised the court that defendant had indicated (apparently in the May 18 affidavit) that he had "$800 in cash at the jail." In fact, as we have stated, defendant indicated in his affidavit that he had $108 in cash.

to obtain the services of a lawyer. On the day of trial, July 31, he told the court that he was not prepared to proceed without counsel and that he wanted court-appointed counsel. The court refused to appoint counsel, believing that it was bound by a June 20 ruling of another judge, who had again determined that defendant was ineligible for appointed counsel. There is no record of that proceeding. Defendant was convicted in a jury trial. He had been in custody from the time of his arrest.

To qualify for court-appointed counsel, it is not necessary that a defendant be penniless. It is sufficient that the cost of obtaining counsel would work a substantial hardship on the defendant or his family. ORS 135.050(2); *State v. Gordon,* 43 Or App 511, 514, 603 P2d 1196 (1980). Here, defendant demonstrated by the time of the proceeding on June 1, that he was indigent.[2] The court was empowered to appoint counsel and was not bound by any previous determination. ORS 135.050(7).

We do not see how the court could have concluded that defendant was able to retain defense counsel on a Class A felony, which carries a potential punishment of 20 years imprisonment, with $108 cash and an unmarketable interest in a mobile home. The court's conclusion that he was not indigent was legally incorrect.

Reversed and remanded for a new trial.[3]

---

[2] In this case, unlike in *State v. Lingren,* 79 Or App 324, 719 P2d 61 (1986), defendant had requested appointment of counsel in a timely fashion.

[3] Because of our holding, we do not address defendant's remaining arguments.