STATE OF OREGON,
*Respondent,*

*v.*

RICHARD STANLEY LINGREN,
*Appellant.*

(84-3318-C-1; CA A35916)

719 P2d 61

Helen I. Bloch, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant was convicted of theft in the first degree after a jury trial in which he appeared *pro se.* In this direct appeal, he asserts that the trial court's failure to appoint counsel prevented his having a fair trial and resulted in a denial of his right to counsel as guaranteed by the Oregon and federal constitutions.

When defendant was arraigned on November 13, 1984, he was advised of his right to court-appointed counsel. He did not request it at that time. He appeared without counsel at proceedings on November 27, 1984, January 29, 1985, and February 5, 1985. Each time, the court asked defendant if he intended to retain counsel and advised him to do so immediately. Each time, defendant indicated his intention to arrange for an attorney on his own. On the day of trial, defendant again appeared without counsel and explained that the attorney whom he had retained had withdrawn, because payment arrangements had fallen through. The court refused to delay the proceedings:

"THE COURT: * * * It appears to me that it would be pointless to delay this matter any further, because it appears that we would have the same practice go right on. So unless you show me some real reason to the contrary, we will proceed to trial at this time and you will just have to represent yourself. Is that acceptable with you?

"[DEFENDANT]: Well, I don't have much choice in the matter.

"THE COURT: No, really I don't believe you do, because I'm convinced that you've not attended to these matters, and it seems that really your approach has been one of if you can just kind of stall things off maybe they'll go away, and now its the day of trial and they didn't go away. So we will proceed. * * *"

The judge then advised defendant about the jury selection process, opening statements, the order of proof, closing arguments, jury instructions and his right to remain silent. He did not advise defendant again of his right to court-appointed counsel. After trial and before sentencing, defendant asked for court-appointed counsel for the first time. He was found to be indigent, and counsel was appointed to represent him at sentencing.

Defendant's argument focuses on the judge's failure to determine whether his choice to proceed without counsel was made with full knowledge of his rights. *State v. Verna,* 9 Or App 620, 498 P2d 793 (1972). This is not a case, however, where the defendant has waived his rights. *See State ex rel Juv. Dept. v. Afanasiev,* 66 Or App 531, 674 P2d 1199 (1984). Rather, the question is whether the trial court abused its discretion in forcing defendant to proceed without counsel and in refusing to allow another delay so that defendant could continue his efforts to secure counsel. We conclude that it did not. As we said in *State v. Schmick,* 62 Or App 227, 660 P2d 693, *rev den* 295 Or 122 (1983), the right to counsel must be balanced against the state's need to conclude the case in a timely manner. We held in *Schmick* that a defendant who is not indigent may be compelled to go to trial without counsel if he has failed to obtain counsel at the time of trial after a reasonable opportunity to do so. 62 Or App at 232. We see no basis for a distinction here. Defendant, who was advised at his arraignment of his right to court-appointed counsel, did not seek court-appointed counsel or obtain counsel of any type despite a reasonable opportunity to do so. His failure to retain his own counsel or to apply for court-appointed counsel within the reasonable time given was his own doing. Our assessment, from reviewing the record, is that defendant was "stroking" the system. He, alone, orchestrated the situation on which he now relies for a new trial.[1] *See State v. Hickey,* 79 Or App 200, 717 P2d 1287 (1986).

A trial court is vested with broad discretion in determining whether a setover is appropriate. *State v. Page,* 18 Or App 109, 523 P2d 1291 (1974). The court did not abuse its discretion in proceeding to trial without allowing defendant additional time to secure counsel and did not err in denying his motion for a new trial.

Affirmed.

---

[1] This case is different from *State v. Towle,* 79 Or App 328, 719 P2d 68 (1986), where the defendant requested appointed counsel at his first arraignment proceeding and was determined to be ineligible.