In the Matter of Allan Salo,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## ALLAN SALO,
*Appellant.*

(M 87-16; CA A45833)

759 P2d 319

Blair J. Henningsgaard, Astoria, argued the cause for appellant. With him on the brief was Brownhill & Henningsgaard, Astoria.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman, Judge, and Riggs, Judge pro tempore.

ROSSMAN, J.

## ROSSMAN, J.

Appellant challenges an order finding him to be mentally ill and committing him to the Mental Health Division. At the hearing, the medical examiners agreed that appellant suffers from a mental disorder, but they did not agree as to whether he was a danger to himself or others within the meaning of ORS 426.005(2).[1] Because the record is substantially incomplete, we are unable to perform a meaningful *de novo* review. Accordingly, we reverse.

Appellant was incarcerated in the county jail for more than three months before the commitment hearing was held. The hearing was tape-recorded, apparently with a hand-held microphone. The result is a record in which 32 out of 74 minutes are unintelligible. It is simply impossible to make any sense whatsoever out of a great many questions and answers.

Our review of mental commitment proceedings is *de novo,* which requires us to review the entire record of the proceedings below. ORS 19.125; *State v. O'Neill,* 274 Or 59, 545 P2d 97 (1976). The evidence must be clear and convincing that, because of a mental disorder, a person sought to be committed is dangerous to himself or others. ORS 426.005; *State v. Howell,* 53 Or App 611, 633 P2d 14 (1981). The state argues that enough of the record is intact to allow us to affirm the holding that appellant is mentally ill. We cannot agree. Although the intelligible evidence may indicate that appellant's mental disorder makes him dangerous, only a portion of the evidence is actually before us. We have no way of determining whether the missing portion would support the contrary finding, and we would be forced to speculate. On the record furnished on appeal, we must reverse.[2]

Reversed.

---

[1] ORS 426.005(2) provides, in part:

" 'Mentally ill person' means a person who, because of a mental disorder, is one or more of the following:

"(a) Dangerous to self or others."

[2] At oral argument, the state expressed a preference that we not remand in the event of a reversal. We agree that ordering a new trial is not in the best interests of justice here, where, as recognized by the state, it would be virtually impossible to evaluate appellant's mental condition as it existed in September, 1987.