Argued and submitted October 28, 1988, reversed and remanded for a new trial
March 8, 1989

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH EUGENE FOSTER,
*Appellant.*

(CR7-1964-20; CA A48276)

769 P2d 790

Glenn N. Solomon, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Mark Braverman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He contends that the court erred by denying his request for the appointment of counsel. We reverse and remand for a new trial.

At his arraignment, defendant said that he wished to hire an attorney to represent him, and the court set the next appearance far enough in the future to give him time to do so. Defendant was not in custody. He hired an attorney who, before the next scheduled appearance, moved to withdraw as counsel, because defendant had failed to provide funds for investigation. The motion was allowed, and defendant then requested appointed counsel.

Defendant filled out the form affidavit of indigency provided by the court. In response to questions regarding household income and debts, he wrote "see attached." Appended to the form was a handwritten note which defendant said, in substance, that he and his wife had filed for bankruptcy under Chapter 13.[1] It also said that all of the attorneys that he had contacted had requested a fee of $1,500 and that defendant did not have funds to pay for counsel. The request for appointed counsel was denied, because defendant did not fill out the form completely. Defendant proceeded to trial by jury without counsel.

Defendant's only contention is that the court erred in denying his request for appointed counsel, because he had sufficiently demonstrated that he was indigent under ORS 135.050(1)(d).

■ ■ Whether an accused is entitled to court appointed counsel under ORS 135.050 involves an initial question of fact. An accused person who requests appointed counsel has

---

[1] The handwritten note reads:

"Judge,                                                                 Feb 11, 88

"We recently filed a Chapter 13 in the U.S. Bankruptcy court. We are budgeted enough to pay our business expenses and our personal living expenses. The balance is paid to the U.S. Bankruptcy court. We haven't had enough to do even that since business has been down in January & so far this month. All attorneys contacted have requested $1500.00 which is not feasible at this time. Johnathan Pritchard has withdrawn from this case due to lack of funds.

"Thank you"

an obligation under ORS 135.050(1)(c) to provide sufficient financial information for the court to make a decision. *State v. Towle,* 79 Or App 328, 719 P2d 59 (1986); *State v. Gordon,* 43 Or App 511, 603 P2d 1196 (1979), *rev den* 288 Or 571 (1980). The court may deny the request if the defendant does not provide sufficient information. But, because a constitutional right is involved and the accused is not represented by counsel, the court should be flexible in reviewing the affidavit and in obtaining information to make a principled decision.

■    Defendant's affidavit indicated that he and his wife both worked in the cafe that they owned and that they had very little cash on hand. Although defendant did not list amounts of income or outstanding debts, the filing of a bankruptcy petition is a fair indication that he would be "unable to retain adequate representation without substantial hardship in providing necessities to" himself and his family. ORS 135.050(1)(d). It is true, as the state argues, that filing a petition in bankruptcy does not prove indigency, but that fact together with the information in the affidavit should have at least caused further inquiry by the court. There is nothing in the record to indicate that defendant refused or would have refused to provide information or that any inquiry was made to that end. We conclude that the court erred in denying the request for appointed counsel.

Reversed and remanded for new trial.