Argued and submitted February 28, reversed and remanded for new trial April 5, 1989

STATE OF OREGON,
*Respondent,*

*v.*

SAMUEL JOSHUA FREEMAN,
*Appellant.*

(10-87-04809; CA A47737)

771 P2d 304

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for attempted burglary in the first degree, ORS 161.405; ORS 164.225, on the ground that the trial court erred in denying him a court-appointed attorney. He contends that he did not waive his right to counsel.[1] We reverse and remand for a new trial.

Defendant was arrested for attempted burglary on May 27, 1987. He signed a "Security Release Questionnaire and Financial Statement," in which he stated that he had $1,060 in assets and $3,000 in liabilities and was receiving $79 worth of food stamps and $400 unemployment compensation per month. He was indicted on June 3, and arraigned on June 12. At his arraignment, the judge stated, without further comment, "Apparently, you were denied court-appointed counsel." The record contains no previous denial of appointed counsel or indication that any hearing had taken place on that issue. Defendant requested and was granted 30 days to attempt to retain an attorney.

On November 16, two days before his scheduled trial, defendant appeared before another judge. He told that judge that he did not have an attorney and was "going to check back with the custody referee." He also said that he had tried to get an attorney, but that they were "too expensive," that he was not working and that his unemployment had run out four months before. That judge referred to a letter that the court had sent to defendant on September 29 and stated, "It's obvious you made no effort to get a counsel appointed." The trial court file contains no record of that letter. The judge refused to grant a continuance so that defendant could seek appointed counsel and ordered the case to trial on November

---

[1] Defendant also argues that the record is so incomplete as to preclude our review of whether the trial court properly denied him appointed counsel and that his conviction *must* therefore be vacated. In support of his argument, he relies on *State v. Salo*, 92 Or App 563, 759 P2d 319 (1988), where we reversed the defendant's commitment to the Mental Health Division because the audio record of the commitment hearing was so unintelligible that we were unable to conduct a meaningful review. Defendant's reliance on *Salo* is misplaced. In that case, our review was *de novo*, which required us to review the entire record of the proceeding. Because that was not possible, we reversed. Here, however, we review the record before us, limited as it may be, only to determine whether the trial court abused its discretion in denying defendant court-appointed counsel. *State v. Gordon*, 43 Or App 511, 603 P2d 1196 (1979), *rev den* 288 Or 571 (1980).

19, as scheduled. The court did not rule on defendant's eligibility for appointed counsel.

A different judge issued an order denying defendant appointed counsel on November 18. That order does not refer to any hearing on the matter or state the basis for the denial. On November 19, defendant appeared for trial before yet another judge. Although the prosecutor informed the court twice that defendant wanted an attorney, the only inquiry that the court made was to confirm that defendant had moved to postpone the case, which had been denied. Defendant proceeded through trial without counsel and was convicted by a jury.

■     The determination of whether a defendant is entitled to court-appointed counsel is one of fact for the trial court. As we noted earlier, *supra* n 1, we review only to ascertain whether discretion was properly exercised.

■     Defendant is entitled to appointed counsel if he would be "unable to retain adequate representation without substantial hardship in providing necessities to" himself and his family. ORS 135.050(1)(d); *State v. Foster,* 95 Or App 452, 769 P2d 790 (1989); *State v. Towle,* 79 Or App 328, 331, 719 P2d 59 (1986). The only information in the record regarding defendant's financial condition indicates that he has no income and that his liabilities outweigh his assets by $1,940. We conclude that the evidence in the record is insufficient to support the trial court's denial of court-appointed counsel, and the state so concedes.

Reversed and remanded for a new trial.