Argued and submitted June 27, 1990, judgment vacated and remanded for further proceedings January 23, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES RUSSELL SNYDER,
*Appellant.*

## (89CR-0834; CA A61423)

804 P2d 1203

Glenn N. Solomon, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Keith W. Wingfield, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Edmonds, Presiding Judge, and Newman and Riggs, Judges.

NEWMAN, J.

Riggs, J., dissenting.

## NEWMAN, J.

Defendant appeals his conviction for menacing and assault in the fourth degree. ORS 163.190; ORS 162.160. The court denied his requests for appointed counsel. He represented himself and was convicted in a jury trial. We vacate the conviction and remand.

Defendant is a semi-literate, occasionally self-employed handyman, who is on welfare. On April 26, 1989, he filed an affidavit of indigency that stated that he possessed a "gold nuget wach," which he valued at "1.500." At his arraignment on April 29, he told the court that the watch was worth $1,500, but then said that it was worth "$500 at the most."[1] He also told the court that the complaining witness possessed the watch and that he could not sell it to raise funds, because he was in jail. The court refused to appoint counsel on the ground that it would not "appoint an attorney to someone going around with a $1,500 watch."

Defendant then filed a second affidavit of indigency in which he did not mention the watch. At a May 11 hearing on his request for appointed counsel, defendant told the court that he had initially been mistaken as to the watch's value, that it was worth $50 and that it had been sold for $20. The court did not inquire further, stated that defendant was "playing games with the court" and again refused to appoint counsel.

Immediately before trial on June 20, defendant again requested appointed counsel. He told the court that it had before it a receipt that showed that the watch had been assessed as base metal worth $10 and another receipt that showed that it had been sold for $20.[2] The court acknowledged that

"[t]here is information in the file, correspondence, indicating that the watch was sold for twenty dollars and indicating that

---

[1] Defendant stated that he had valued the watch at $1,500 in his first affidavit, because he thought that that was its "approximate value when it was new."

[2] The receipts are attached to an affidavit in the appellate record that accompanied defendant's fourth affidavit of indigency. The first receipt, dated May 3, 1989, states: "purchased James Snyder's watch from Diane Scott for $20 . . . on April 14 or 15th." The second receipt, dated "5/65/89, [sic]" indicates that the watch was appraised at $10.

it was to be repurchased on the following Monday and because of that asset which had been disposed of at twenty dollars, the court-appointed attorney was denied."

The court asked defendant if he was ready to proceed to trial. He responded:

"Uhm, yeah, uh, please note that there was a habeas corpus filed through the supreme courts [sic], too, on this. I have copies of the sales receipt and that watch has been appraised, too. The courts [sic] was served a copy of those papers."

When the case was tried, defendant represented himself, and he was convicted.

■　　It is a question of fact for the court whether a defendant is eligible for appointed counsel. An accused person who requests appointed counsel has an obligation under ORS 135.050(1)(c) and ORS 135.050(3) to provide the court with a written and verified financial statement. If a defendant provides the court with financial information that invites further inquiry, the court has a responsibility to make that inquiry. See State v. McCabe, 103 Or App 426, 430, 797 P2d 406 (1990).

■　　The trial court was aware that defendant's initial estimate of his assets was questionable, that the watch may have been worth only a nominal amount and that it may have been sold for a nominal amount. The court's inquiries at arraignment and at the next hearing on defendant's request for appointed counsel were inadequate for it to determine that he was not indigent. The trial court, however, was not bound by the earlier determinations. State v. Towle, 79 Or App 328, 331, 719 P2d 59 (1986). It knew about the appraisal and sale receipts. It was aware that the information before it was contradictory and inconclusive. That information invited further inquiry. The court had the responsibility to inquire further, see ORS 135.050(6),[3] and it failed to do so.

On remand, the court shall hold a hearing to determine if defendant was indigent at the time of the trial at which

---

[3] ORS 135.050(6) provides:

"If, at any time during criminal proceedings, the court having jurisdiction of the case finds that the defendant is financially unable to pay counsel whom the defendant has retained, the court may appoint counsel as provided in this section."

he was convicted. If he was not indigent, the court shall reinstate the conviction. If he was indigent, he shall be given a new trial. If he requests appointed counsel and is indigent, the court shall appoint counsel to represent him.

Judgment vacated; remanded for further proceedings not inconsistent with this opinion.

**RIGGS, J.,** dissenting.

As the majority acknowledges, an accused person who requests appointed counsel has an obligation to provide accurate financial information to allow the court to make a decision concerning eligibility. A reasonable reading of this record indicates that defendant was avoiding his obligations to provide accurate financial information and in fact attempted to mislead the court on more than one occasion concerning the value of the watch. When it appeared to be in defendant's interest to claim that the watch was worth less than he had originally represented to the court, he adjusted his representations accordingly. A trial judge does not need to engage in a guessing game concerning represented values. Neither is it necessary for the court to engage in "a further inquiry" which "might" establish indigency, as the majority concludes. The trial court was correct in finding that defendant was not indigent on the basis of the financial information provided, and the judgment should be affirmed.

I dissent.