Argued and submitted February 13, reversed and remanded for new trial
May 15, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD WAYNE FIALA,
*Appellant.*

(10-89-06885, 10-89-06886; CA A65251 (Control), A65252)

810 P2d 1344

Dorothy J. Morey, Eugene, argued the cause and filed the brief for appellant.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from convictions for sexual abuse in the first degree. ORS 163.425. He argues that the trial court erred in denying his request for court-appointed counsel and in not advising him of the consequences of proceeding to trial without counsel. We reverse.

■　　After the arraignment, defendant's retained attorney was allowed to withdraw, and the court granted defendant's request for a court-appointed attorney. Thereafter, the court withdrew the appointment. Defendant argues that the court abused its discretion, because its decision was based on the credit limit available to defendant on his credit cards. The determination as to whether defendant qualifies for court-appointed counsel is a question for the trial court, and we review only for an abuse of discretion. *State v. Freeman,* 96 Or App 70, 73, 771 P2d 304 (1989). The affidavit of indigency[1] shows that, when the court withdrew the appointment of the attorney, defendant was a student and was unemployed. Previously, he had been employed in the Lane County Sheriff's Office with a net pay of $1,700 per month. Defendant had $300 in bank accounts and owned an unencumbered vehicle valued at $4,000. His monthly expenses were $376. Of that amount, $145 was applied to credit card balances. In the light of the value of defendant's vehicle, his employment history and his living expenses, the court did not abuse its discretion in denying his request for a court-appointed attorney.

■　　Defendant argues that the court erred in not advising him of the consequences of proceeding without counsel. Before trial started, this exchange occurred:

"THE COURT:　I notice you're representing yourself on these matters.

"[Defendant]　Yes, sir.

"THE COURT:　I assume you've been apprised of your rights to an attorney?

"[Defendant]:　Yes, sir.

---

[1] The affidavit is not part of the court file. However, a copy was attached to defendant's brief, and both parties treat its contents as having been before the trial court when it made its decision.

"THE COURT: I take it you've decided you will try this case by yourself?

"[Defendant]: Actually, your Honor, that was one of the motions I had for pretrial is I'm not here by my own willingness to be here without an attorney. I've been denied an attorney. I was at one point appointed a court-appointed attorney. I was found to have had a credit card. Because of that credit card, that court-appointed attorney was taken away.

"I do not have means, other than a credit card, to hire an attorney. The limit on that credit card did not reach the limit that the attorney I consulted [said] would be the fees for this case.

"THE COURT: There were attorneys, I'm sure, you might have consulted with that might have accepted it.

"[Defendant]: I contacted five attorneys. Four of them could not take the case because of prior commitments. But that is as far as I went. I am prepared to continue today."

In *State v. Verna,* 9 Or App 620, 626, 498 P2d 793 (1972), we said:

"Because the election to defend *pro se* necessarily involves a waiver of the right to counsel, it is incumbent upon the court to determine, by recorded colloquy, that the election or waiver is intelligent and competent. * * * At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." (Citations omitted.)

Defendant argues that, because he was not advised of the consequences of proceeding to trial without counsel, his election to represent himself was invalid. Relying on *State v. Lingren,* 79 Or App 324, 719 P2d 61 (1986), and *State v. Schmick,* 62 Or App 227, 660 P2d 693, *rev den* 295 Or 122 (1983), the state argues that *Verna* is inapplicable, because defendant was able to hire his own attorney but failed to do so and, even if he did not have enough time to hire an attorney, he failed to request a continuance. In *Schmick* and *Lingren,* the question was whether the court had abused its discretion

by forcing the defendants to proceed to trial without counsel and in refusing to allow a continuance so that the defendants could hire counsel. Their holdings are premised on the proposition that the right to counsel must be balanced against the state's need to conclude a case in a timely manner. In contrast, defendant here made no motion for postponement of the trial.

■ The initial colloquy between the court and defendant constituted a renewal of defendant's request for a court-appointed attorney and the court's denial of that request. Defendant then elected to represent himself and did not request a continuance to hire his own counsel. The issue here is different from the one in *State v. Lingren, supra,* and *State v. Schmick, supra. See State ex rel Juv. Dept. v. Afanasiev,* 66 Or App 531, 534, 674 P2d 1199 (1984). Under *State v. Verna, supra,* the court was required by Article I, section 11, of the Oregon Constitution[2] to determine whether defendant's election was made with the requisite understanding. Because the trial court did not make that determination, the conviction must be reversed. *See State v. Carter,* 107 Or App 48, 810 P2d 872 (1991).

Reversed and remanded for a new trial.

---

[2] Because of our disposition of the case, we do not address whether defendant's right to counsel under the federal constitution was violated.