Argued and submitted April 13, affirmed October 21, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## GARY RICHARD STOLZ,
*Appellant.*

(DCR89-15240; CA A71712)

839 P2d 763

Richard L. Wolf, Oregon City, argued the cause and filed the brief for appellant.

Teresa McPhee, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals his conviction, after trial to the court, for resisting arrest. ORS 162.315. He asserts that the court failed to inquire sufficiently before it allowed him to waive his right to counsel. We affirm.

In *State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992), the court held that, to determine whether a defendant's right to counsel under Article I, section 11, of the Oregon Constitution has been violated, we must examine the totality of the circumstances shown by the record and determine whether the defendant knew of his right to counsel and intentionally waived that right. The court held that the trial court is not required to catechize the defendant. Instead, the inquiry is what the defendant knew and understood. 313 Or at 132. The court rejected our holding that a conviction must be reversed when the trial court fails to advise a defendant of a particular piece of information, such as the elements of the charge against him. 313 Or at 134.

Relying on *State v. Verna*, 9 Or App 620, 498 P2d 793 (1972), defendant argues that the court failed to advise him sufficiently of the pitfalls of self-representation and the penalty that he might face if convicted. However, the court need not impart any particular information if the record as a whole shows that defendant knew of and intelligently waived his right to counsel. *State v. Meyrick, supra*, 313 Or at 134.

Defendant is 52 years old, holds a doctorate in history and has taught for six years at the university level. He had previously been charged with resisting arrest and was represented by counsel when the trial court dismissed the charge. After we reversed and remanded, *State v. Stolz*, 106 Or App 144, 806 P2d 715 (1991), defendant said at a pre-trial hearing on the renewed charge that his appointed counsel had been inadequate and that

"I will simply have to conduct my own defense, and I prefer to do this because I think that I would be found guilty if I would rely on any state counsel after the past experience that I had."

At the pre-trial conference, this colloquy occurred:

"The Court: [I]f you choose to represent yourself of course you know, you're likely to be at something of a

disadvantage even though you may have extensive educational background in one particular intellectual pursuit—it strikes me that you may be somewhat less familiar with the procedures involved and the legal issues that may be raised than someone with a background in legal education.

"* * * * *

"[O]f course you have the right to represent yourself if you want to and so long as we can determine that that's a knowing and voluntary waiver of your right to have counsel. Now, you're charged here with resisting arrest and do you understand that what the state would have to prove * * * [is that you] intentionally resisted a fellow named Ralph Carpenter, a person you knew to be a police officer? * * *

"[Defendant:]   I understand every aspect of this case, your honor.

"* * * * *

"The Court:   Now, the question before you right now is—you understand that they would have to prove that beyond a reasonable doubt? Those elements would have to be proved beyond a reasonable doubt.

"[Defendant:]   Yes, your honor.

"* * * * *

"The Court:   Right, so you feel comfortable and competent that you can best pursue this matter by defending yourself?

"[Defendant:]   Well, I feel that I may have to. I may be able to obtain private counsel but I'm not at all sure so, I have to, I would have to say at this time that I would have to rely on my own defense.

"The Court:   Okay. But you may—I take it then that you may determine that you will want to have an attorney, but in any event I gathered from your statements here that you don't want a court-appointed attorney and I can't convince you otherwise. Is that about where we are?

"[Defendant:]   Yes, I think that's a fair statement."

Immediately before trial, the court inquired whether defendant had considered the charge against him, the elements of the offense, the burden of proof and whether he wanted a trial to a jury or to the court. It again inquired whether he wished to waive his right to an attorney. Defendant responded:

"Yes, your honor. I'm here with my chief character witness * * * and we both looked for a private attorney during the four weeks that we had available to us, but we couldn't find one that was suitable, so we decided to go ahead and I'll represent myself."

Defendant then asked the court to assist him before and during trial with certain procedural aspects of it. The court agreed.

Defendant had recently been in court on the resisting arrest charge in the same court. *See State v. Meyrick, supra,* 313 Or at 129. He is well-educated and articulate. At the pre-trial conference, he repeatedly refused a court-appointed attorney. The court advised him of the nature and elements of resisting arrest and the state's burden of proof and warned him of the danger of self-representation. His repeated waivers of the right to counsel were clearly stated, uncondi-tional and were not the product of coercion, deception or confusion. He was prepared to and did offer the testimony of a witness in his defense. His request at trial that the court assist him in procedural matters shows that he understood the risk that he had assumed. The record as a whole demon-strates that defendant knew of his right to counsel at the trial and intentionally relinquished it. *See State v. Meyrick, supra,* 313 Or at 133.

We also conclude that there was no violation of the Sixth Amendment. *See State v. Meyrick, supra,* 313 Or at 138.

Affirmed.