Argued and submitted February 14, reversed and remanded for a new trial
November 4, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# LESTER MEYER,
*Appellant.*

## (DA 431718-9010; CA A69069)

840 P2d 1357

John W. Neidig, Portland, argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for harassment. ORS 166.065. He was also charged with assault in the fourth degree, ORS 163.160, but was acquitted of that charge by the jury. He contends that the trial court abused its discretion in denying his requests for court-appointed counsel and erred by not adequately informing him of the dangers and consequences of representing himself. We reverse and remand.

On November 8, 1990, defendant was arraigned on the charges in the district court and requested court-appointed counsel. The request was denied on the basis of the indigency affidavit that he had submitted. The court told him that he could retain his own attorney or represent himself. He said that he could not afford an attorney and would represent himself; he also requested a jury trial. The court responded that jury trials are "kinda tricky." Defendant then decided to proceed to trial to the court, and a trial date was set.

Defendant appeared for trial before a different judge. When that judge asked if he had an attorney, defendant responded that he could not afford to hire an attorney. The court then reviewed his indigency affidavit and told defendant that he was entitled to appointed counsel. The court then continued the trial and set a time for defendant to appear before another judge so that the appointment could be made.

On December 3, 1990, defendant appeared before a third judge for appointment of counsel. The record is sparse, but that judge denied the appointment. Defendant said that he would have to represent himself, because he could not afford counsel. He requested a jury trial.

On January 24, 1991, defendant appeared before still another judge regarding a bench warrant in the case. The warrant was recalled, and the court inquired whether defendant was representing himself or would have counsel. Defendant renewed his request for court-appointed counsel and again requested a jury trial. The court denied the request for counsel but scheduled an appearance before another judge for review of defendant's affidavit of indigency.

Defendant appeared as scheduled on January 29, 1991, before a fifth judge and, after extensive examination, the court denied him appointed counsel and set the case before a sixth judge for trial by jury. On February 21, 1991, defendant appeared at trial *pro se*. He did not request court-appointed counsel, and the court did not discuss waiver of counsel or advise him of the pitfalls of proceeding *pro se*.

Defendant's claim of error essentially has two parts. He contends that the court erred in denying his request for a court-appointed attorney and by forcing him to proceed *pro se* without determining if he had made a knowing intelligent waiver of counsel. Although stated together, those contentions involve separate issues.

Whether a criminal defendant is entitled to appointed counsel involves an issue of fact and a measure of discretion of the trial court in application of ORS 135.050. *State v. Gordon*, 43 Or App 511, 603 P2d 1196 (1979). A defendant's decision to proceed without counsel involves an examination of the totality of the circumstances to see if there is a knowing and intentional waiver of the right to the assistance of counsel. The latter determination is based, in part, on the information the defendant has about the consequences and pitfalls of proceeding without counsel. *State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992).

Defendant requested counsel in all of his appearances, except when the case was tried. He submitted an affidavit and financial statement and responded to questions from the court about his ability to afford counsel. He argues that the fifth judge he appeared before did not make an adequate inquiry and abused his discretion in denying him appointed counsel. There is no question but that defendant has very limited resources to procure counsel. However, both he and his wife are employed and are purchasing a home. We cannot say that, under those circumstances, the court abused its discretion in denying the appointment.

In the second part of his argument, defendant relies on *State v. Fiala*, 107 Or App 193, 810 P2d 1344 (1991); *State v. Twitty*, 85 Or App 98, 735 P2d 1252, *rev den* 304 Or 56 (1987); and *State v. Verna*, 9 Or App 620, 498 P2d 793 (1972), for the proposition that his election to proceed *pro se* must

have been preceded by advice from the court about the charge, his rights and the pitfalls of defending himself. In *State v. Meyrick, supra,* the court said that there is no particular recitation that is necessary. The question is whether, under all the circumstances, a decision to waive counsel was made with sufficient knowledge that it can be said to have been knowing and intentional.

The court said in *Meyrick*:

"A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand the risks of self-representation. The more relevant information that a trial court provides to a defendant about the right to counsel and about the dangers and disadvantages of self-representation, the more likely it will be that a defendant's decision to waive counsel is an intentional relinquishment or abandonment of a known right or privilege and that the record will so demonstrate." 313 Or at 133. (Footnote omitted.)

Defendant was given little information about the risks of self-representation or the procedures of a jury trial. The closest that any advice came was at arraignment, when the first judge told defendant that jury trials are "kinda tricky." It is clear from the record that defendant was not sophisticated in court or criminal matters and that he was given insufficient information to make an informed decision to forego counsel.

The state makes an ingenious argument. It agrees that, when a defendant elects to proceed *pro se,* the court must explain the nature of the charge, some consequences of self-representation and the advantages of having an attorney. It argues, however, that defendant did not elect to represent himself. He continually asserted his desire to have an attorney and did not waive or purport to waive his right to counsel. Consequently, the state contends, an inquiry as to whether he knowingly waived counsel is not pertinent.

The argument is simply incorrect. When defendant was denied appointed counsel, he had a choice to hire his own attorney or to proceed without counsel. The fact that he appeared without counsel, because of a perceived inability to afford one, does not detract from the fact that he made a choice. That choice, which was in all respects a waiver of his

right to legal representation, had to be made knowingly to be constitutional. *State v. Meyrick, supra.* Defendant was not given, and did not otherwise possess, sufficient information about self-representation, and his decision to proceed to trial without an attorney was not constitutionally adequate under Article I, section 11, of the Oregon Constitution.

Reversed and remanded for a new trial.