Argued and submitted September 30, 1993, affirmed July 27, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# JOSEPH ROLAND ROCHEFORT, JR.,
*Appellant.*

## (91-CR-0360-MS; CA A74277)

878 P2d 1111

Kevin T. Lafky argued the cause and filed the brief for appellant.

Amy E. Alpaugh, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

HASELTON, J.

---

* Haselton, J., *vice* Durham, J.

## HASELTON, J.

Defendant appeals his conviction for first degree theft. ORS 164.055. He argues that the trial court should have appointed an attorney for him, that he did not knowingly and voluntarily waive his right to counsel, and that the court should have instructed the jury on the definition of "with intent."

Before his arraignment on the charge of first degree theft, defendant requested a court-appointed attorney and filed an affidavit of indigency. The affidavit states that defendant is a post office employee, earns a gross monthly income of $2,200, and pays child support for two children. The court denied his request.

At defendant's arraignment, he informed the court that he would hire an attorney "[i]f I have to," but that he was hoping to convince the district attorney to drop the case. The court advised him of some of the dangers of proceeding without an attorney:

"The Court: Okay. If you're going to represent yourself, there are certain things that I have to advise you of. You understand that the charge that you are being charged with here is Theft in the First Degree, by stealing money of more than five hundred dollars from Allstate Insurance. Do you understand that?

"[Defendant]: Yes, I do.

"The Court: The State has to prove that on or about the 18th day of May, in this county, you committed theft of money of five hundred dollars and that that money belonged to Allstate Insurance Company. That you intended to deprive them of that money. That if you're convicted of that the potential penalty—the maximum is five years in the penitentiary and a one hundred thousand dollar fine.

"In seeking to represent yourself, if you continue to do that, you should be aware that if this case would go to trial there's evidence rules that laymen really don't know very much about. It's very difficult to represent yourself. An attorney could also be of some advantage to you in negotiating with the District Attorney's office, as well as defending a case.

"* * * * *

"You assume all of that responsibility yourself if you undertake to defend yourself. You're going to have to — if it goes to trial you'll have to comply with the rules of evidence just like a lawyer would. Do you understand all that?

"[Defendant]: Yes."

At a pretrial conference, defendant informed the court: "I'm totally ignorant of what I'm suppose[d] to do or what the State's suppose[d] to do [regarding discovery]." The court explained: "That's part of the problem of representing yourself, you see there's a lot of pretrial duties that you have with regard to discovery and timeliness and that sort of thing."

On the day of trial, the judge asked defendant to raise any "extraordinary matters" that would indicate he needed a court-appointed attorney. Defendant responded that his debt-to-income ratio was "rather high" but that he had not applied for a loan or tried to obtain a cash advance on his credit cards. He told the court that he had contacted several attorneys and could not afford the $700 retainer that they required. Defendant proceeded to represent himself, and was convicted of first degree theft.

 Defendant assigns error to the denial of his request for court-appointed counsel. That is a factual determination within the discretion of the trial court. *State v. Meyer*, 116 Or App 80, 83, 840 P2d 1357 (1992); *State v. Gordon*, 43 Or App 511, 514, 603 P2d 1196 (1979), *rev den* 288 Or 571 (1980). ORS 135.050 provides, in part:

"(1) Suitable counsel for a defendant shall be appointed by a Court if:

"* * * * *

"(d) It appears to the Court that the defendant is financially unable to retain adequate representation without substantial hardship in providing basic economic necessities to the defendant or the defendant's dependent family."

Defendant was employed full time, his monthly income exceeded his expenses, and he had made no attempt to borrow the $700 he needed to retain an attorney. Under

these circumstances, we cannot say that the trial court abused its discretion by refusing to appoint an attorney.[1]

Defendant also argues that he did not knowingly and intelligently waive his right to counsel under Article I, section 11, of the Oregon Constitution. *State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992), guides our inquiry:

> "[A] trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant knows of his or her right to counsel * * * and that the defendant intentionally relinquishes or abandons that right." 313 Or at 133.

We examine the totality of the circumstances shown by the record to determine whether the trial court properly accepted defendant's waiver of counsel. *State v. Stolz*, 115 Or App 702, 704, 839 P2d 763 (1992). Article I, section 11, does not require a catechism by the trial court. *State v. Meyrick, supra*, 313 Or at 134. However,

> "[t]he more relevant information that a trial court provides to a defendant about the right to counsel and about the dangers and disadvantages of self-representation, the more likely it will be that a defendant's decision to waive counsel is an intentional relinquishment or abandonment of a known right or privilege and that the record will so demonstrate." 313 Or at 133.

Here, the court informed defendant of the elements of first degree theft, that he would be expected to follow the rules of evidence, that it would be "very difficult" for him to represent himself and that an attorney could also be of assistance in negotiations with the district attorney's office. Defendant clearly and consistently maintained that he would not hire an attorney. Later, when it became apparent that defendant did not understand the discovery rules, the court reminded him that this was an example of why it is so difficult to proceed without an attorney. Defendant elected to proceed without counsel, not from ignorance of the risks of self-

---

[1] *Cf. State v. Fiala*, 107 Or App 193, 810 P2d 1344 (1991) (although the defendant was unemployed, the court did not abuse its discretion in denying appointed counsel, because the defendant had a history of employment, owned a vehicle worth $4,000, and had low monthly expenses); *State v. Gordon, supra*, 43 Or App at 511 (the court did not abuse its discretion in denying appointed counsel to the unemployed defendant with "$750 in saleable assets, no outstanding debts and no disabilities which would prevent him from obtaining work").

representation, but because he was unwilling to pay an attorney. He told the court, "I simply choose not to go into debt any more, even if I have to stand here and be ill-prepared and be ignorant as I am to defend myself." Under these circumstances, defendant knowingly and voluntarily waived his right to counsel.

■ Defendant next assigns error to the court's failure to instruct the jury on the definition of "with intent," one of the elements of the offense. The court, instead, instructed the jury on the definition of "knowingly." He argues that this confused the jury about the mental element required. Defendant did not preserve this argument, but asks us to reach it under ORAP 5.45(2) as an error of law apparent on the face of the record.[2]

An error of law is "apparent" if it is "obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). The state has advanced arguments that reasonably dispute the alleged error. Accordingly, we do not reach defendant's assignment of error.

Finally, defendant's assignments of error relating to the inadequacy of his indictment are precluded by *State v. Pratt*, 316 Or 561, 853 P2d 827, *cert den* ___ US ___, 114 S Ct 452, 126 L Ed 2d 384 (1993).

Affirmed.

---

[2] ORAP 5.45(2) provides:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."