Argued and submitted April 28, reversed and remanded for new trial
September 7, 1994

STATE OF OREGON,
*Respondent,*

*v.*

WALTER WADSWORTH CURRAN,
*Appellant.*

(92-04909C; CA A79429)

880 P2d 956

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction for assault in the fourth degree and harassment. ORS 166.065; ORS 163.160. He asserts that his waiver of counsel was invalid. We reverse and remand for a new trial.

Defendant was involved in an altercation on November 24, 1992, outside the home that he shares with his daughter. A few days after the incident, he was arrested and charged with assault in the fourth degree and harassment. At defendant's arraignment, the court read the complaint to defendant and advised him of the maximum penalties for each count, and defendant indicated that he understood. The court then asked for a plea and the following colloquy took place:

"THE COURT: And are you prepared at this time to enter a plea of either guilty or not guilty, or do you wish to take some time to talk with an attorney first?

"DEFENDANT: No.

"THE COURT: Do you wish to talk to a lawyer?

"DEFENDANT: No.

"THE COURT: You want to represent yourself?

"DEFENDANT: Right.

"THE COURT: OK. What's your plea, guilty or not guilty?

"DEFENDANT: I don't wish to enter a plea at this time.

"THE COURT: Why not?

"DEFENDANT: I don't recognize the court's jurisdiction."

At the pretrial conference, the court noted that defendant was representing himself and asked defendant if he wished to continue in that fashion. Defendant replied affirmatively. On the morning of trial, the court gave defendant a brief summary of the procedures in a jury trial, *i.e.*, the order of opening statements, the examination of witnesses, closing arguments and the instructions to the jury, and then began the trial.

During trial, it was apparent that defendant was not capable of representing himself. For example, when defendant was examining a police officer, the prosecutor objected and the court answered "sustained." At that point, defendant turned to the court and asked "what does 'sustained' mean?" When the state offered photographs of the victim taken by a police officer, the court asked defendant if he had any objection, defendant replied affirmatively and when asked what the objection was, defendant replied:

> "I just object, I object to everything, I object to this trial, I object to you, I object to him [the prosecutor]. I object to everything."

The court overruled his objection. At the end of the trial, the jury returned a verdict of guilty. Defendant appeals, arguing that his waiver of the right to counsel was invalid.

A valid waiver requires that the defendant know that he has a right to counsel and that he intentionally relinquishes it. *State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992). We examine the totality of the circumstances to see if there is a knowing and intentional waiver of the right to the assistance of counsel. That determination is based in part on the information a defendant has about the consequences and pitfalls of proceeding without counsel. *State v. Meyer*, 116 Or App 80, 83, 840 P2d 1357 (1992).

Although the court asked defendant if he wished to proceed without counsel and the court described some of the procedures involved in a jury trial, the trial court never gave defendant any information about the pitfalls and consequences of proceeding *pro se*. Although no particular catechism is required, *State v. Meyrick, supra*, 313 Or at 134, the court must provide some information about the dangers of self-representation. In this case, the court did not even give the advice that jury trials are "kinda tricky," which we found to be insufficient in *State v. Meyer, supra*, 116 Or App at 84.

In *Meyrick*, the Supreme Court suggested, as a preferred method:

> "A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation * * *. The more relevant information that a trial court provides to a defendant about the right

to counsel and about the dangers and disadvantages of self-representation, the more likely it will be that a defendant's decision to waive counsel is an intentional relinquishment or abandonment of a known right or privilege and that the record will so demonstrate." 313 Or at 133.

Here, although defendant expressed his desire to proceed without counsel at least twice, the risks of self-representation were never explained to him. His responses to those inquiries, his actions at trial and other incidents in the record clearly show that defendant was "not sophisticated [enough] in court or criminal matters" to make an informed decision about whether to proceed without counsel.[1] *State v. Meyer, supra,* 116 Or App at 84. The court never "explained the risks of self-representation" to defendant nor satisfied itself on record that defendant was aware of these risks. We cannot say that defendant validly waived his right to counsel.

The state argues that defendant's conduct at trial only reveals that he lacked the skills to defend himself, not that his waiver of counsel was invalid. However, the incidents cited by defendant do more than demonstrate his unfamiliarity with the rules of evidence or procedure. They also demonstrate his failure to recognize the dangers and disadvantages of self-representation.

■ The state also argues that we should affirm the conviction because any error was harmless. Whether or not there could ever be harmless error under circumstances such as these, there was none here. For an error to be harmless, there must be "little likelihood that a particular error affected a verdict." *State v. Parker,* 317 Or 225, 234 n 10, 855 P2d 636 (1993). Based on our review of the record, we cannot say that there is "little likelihood" that the lack of a knowing waiver of counsel affected the verdict. The victim did not testify and the state's case consisted solely of three witnesses. None of those witnesses saw the incident, and they testified to out-of-court statements of the victim. If defendant had had

---

[1] The record does disclose that defendant claimed to have been in court "hundreds of times." The trial court recognized that "hundreds of times" was not accurate, but "close" to correct. However, the record does not disclose what those appearances involved. Without more information in the record, we cannot say that defendant had the requisite skills and knowledge to represent himself.

counsel, counsel might have been able to exclude much of that testimony.

Because of our disposition of defendant's first assignment of error, we do not reach his other assignments.

Reversed and remanded for a new trial.