Argued and submitted January 27, affirmed August 10, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## KATHERINE MENDONCA,
*Appellant.*

(91-0161M, 91-0292M;
CA A77907 (Control), A78192)
(Cases Consolidated)

879 P2d 233

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals her convictions for obstructing governmental administration and resisting arrest. ORS 162.235; ORS 162.315. We affirm.

■ Defendant first argues that the trial court's failure "to assure that defendant's waiver of counsel was knowing and intelligent" violated both Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. She complains that the trial court failed to advise her of the possible pitfalls of representing herself and failed to adequately inquire as to whether she fully understood the consequences of proceeding without counsel.

In *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992), the court discussed the findings that are necessary for a valid waiver of counsel:

> "A trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant intentionally relinquishes or abandons that right."

The court explained that there is no particular "catechism" that a trial court must recite before the right to counsel may be validly waived by a defendant. 313 Or at 134. Whether there has been an intentional relinquishment or abandonment of that right will depend on the particular circumstances of each case. *State v. Rochefort*, 129 Or App 296, 300, 878 P2d 1111 (1994).

Here, at defendant's arraignment on the resisting arrest charge, she advised the court that she did not want counsel appointed for her, unless and until she could interview the person and determine that she was satisfied with the attorney's competence. The court told her that that would not be possible, but that it would appoint counsel and that, if she was dissatisfied, he would entertain a motion for appointment of different counsel. Counsel was appointed. Defendant advised the appointed attorney that she had not agreed to be represented by him. The attorney then filed a motion to withdraw, which was allowed.

At a later hearing, at which the trial judge recused himself, the judge advised the defendant that she needed legal representation:

"[I]n reviewing the facts of the stop itself, [I] felt that you had a very meritorious argument for a dismissal that I believe you would not understand and that you could not even if you spotted the issue would not know how to raise it. Therefore, I appointed an experienced criminal attorney to assist you in that matter. You have chosen to tell him that you refuse to have his assistance, you have told the court that you don't want his assistance and that is where we are at. I intend to recuse myself because of the filings with the Ethics Commission. I think that it is required that I make no other rulings in this matter, but I just wanted you to know that if anybody is abusing your rights in this system, in this process, it is you. Because you are so unwilling to accept the assistance that's given to you and Mr. Myrick is a nice man, he is not a crook, he is not a liar or a cheat or anything else. He is a well qualified criminal attorney. He could have assisted you in this matter."

Defendant was subsequently arraigned on the obstructing governmental administration charge. At that time, she was offered time to obtain counsel and asked whether she needed time to confer with an attorney. She did not directly answer the court's question:

"[THE COURT]: At this time ma'am do you want some time to speak to an attorney? How are you going to proceed?

"[DEFENDANT]: How do I intend to proceed?

"[THE COURT]: Yes.

"[DEFENDANT]: I intend to proceed by dishonoring [pause] I intend to proceed with the legal notice of intent to dishonor.

"[THE COURT]: And you have filed that notice and that has been noted for the record. Now we will have a hearing on that."

At another hearing, a few days later, the defendant told the court that she had not waived the right to counsel. However, when the court asked her if she was going to obtain counsel, she did not directly respond to the question. Finally, at the time of trial, the court said that defendant had made it clear that she did not want counsel:

> "[THE COURT]: It is clear to this court and I hope the record should clearly show that [defendant] has made it abundantly clear to the Court that she does not wish to have an attorney appointed to represent her. And she has not had the benefit of a court-appointed attorney during the course of this particular proceeding. * * * The fact of the matter is that she has let the Court know that she does not want one and I am satisfied with that."

Defendant said nothing at that time to dispute the court's statement.

After considering the totality of the circumstances shown by the record here, we conclude that defendant knew of her right to be represented by counsel and that she intentionally relinquished that right. Accordingly, we hold that the trial court did not err in determining that defendant waived her right to counsel.

■ Defendant next assigns error to the trial court's denial of her motion to exclude a city police officer from the courtroom. Defendant moved to exclude all witnesses from the courtroom, and the trial court allowed the motion. However, when the state designated Officer Myers, a city police officer, as the state's representative under OEC 615(2),[1] the court allowed Myers to remain in the courtroom and to sit at counsel table with the prosecutor. Under the Supreme Court's decision in *State v. Cooper*, 319 Or 162, 874 P2d 822 (1994), a city police officer may be designated as the state's representative under OEC 615(2). The trial court did not err in refusing to exclude Myers from the courtroom. Defendant also argues that Myers should not have been allowed to sit at counsel table. Even assuming that a proper objection was made on this issue, we see no reason why a designated representative of a party may not sit at counsel table.

Defendant's remaining assignments of error do not require decision.

Affirmed.

---

[1] OEC 615 provides, in part:

"At the request of a party the court may order witnesses excluded until the time of final argument, and it may make the order of its own motion. This rule does not authorize exclusion of * * * (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney[.]"