Argued and submitted December 23, 1994, reversed and remanded for new trial
May 10, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# KATHERINE MENDONCA,
*Appellant.*

## (921756M; CA A80098)

894 P2d 1247

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong,* Judges.

ARMSTRONG, J.

---

* Armstrong, J., *vice* Landau, J.

## ARMSTRONG, J.

Defendant appeals her conviction for failure to present a valid driver's license. ORS 807.570. We reverse.

Defendant was stopped by a Grants Pass police officer for driving a vehicle without displaying registration plates. ORS 803.540. After the stop, the officer asked defendant to present to him a valid driver's license. She did not comply with this request, so the officer cited her for failing to do so.

At her arraignment on the charge, the court asked defendant whether she wanted "to seek an attorney or what." Defendant did not answer that question. Instead, she said she was appearing under protest, citing a Uniform Commercial Code provision, ORS 71.2070, about actions taken under a reservation of rights. She then left the courtroom to get copies of motions she had filed in the case.

The court proceeded with the arraignment of two other defendants, and then returned to defendant's arraignment. In the course of it, the court discussed several matters with defendant, but never returned to the issue of defendant's right to counsel. Defendant did not enter a plea.

Defendant later appeared for trial without counsel. Because defendant had not entered a plea, the court entered a not guilty plea for her. The case was then tried without any discussion by the court of defendant's right to counsel, and without a determination by the court on the record that defendant had waived that right. Defendant was convicted of the charge by a jury.

Defendant appeals, assigning error to the trial court's failure to determine that she had waived her right to counsel, and to the court's denial of a motion for judgment of acquittal.[1] Because the trial court failed to determine that defendant knowingly and intentionally waived her right to counsel, we reverse and remand.

---

[1] Defendant did not formally move for a judgment of acquittal, but her discussions with the court about the charge apparently were understood by the court to be equivalent to such a motion.

■       Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

A defendant may waive this right. *State v. Meyrick*, 313 Or 125, 131, 831 P2d 666 (1992); *State v. Curran*, 130 Or App 124, 127, 880 P2d 956 (1994). To be valid, however, such a waiver must be made on the record, and must be based on findings by the trial court that the defendant knew of her right to counsel and, if indigent, of her right to court-appointed counsel, and that she intentionally waived this right. *Meyrick*, 313 Or at 133.

■       In order to find that a waiver of the right to counsel is knowing, the trial court must assure itself that the defendant understands the risks of self-representation. The preferred means of doing this is a colloquy on the record between the court and the defendant "about the dangers and disadvantages of self-representation." *Id.*

■       Here, the state concedes that "the record before this court does not show that defendant directly waived her right to an attorney and it does not show that any judge advised her of the possible consequences and pitfalls of representing herself." However, the state argues that defendant has appeared frequently before the Josephine County courts, and that she is well aware of her right to counsel. In fact, we held that defendant validly waived her right to counsel in a prior case, *State v. Mendonca*, 129 Or App 463, 879 P2d 233 (1994). The state argues that this knowledge and waiver should be imputed to defendant in this case. We do not agree.

It may be true, as the state argues, that defendant would have declined counsel even if the issue had been adequately discussed with her at trial. However, the trial court had an obligation to assure itself on the record before trial that defendant was adequately informed about her right to counsel, including the risks involved in appearing before a jury without counsel, and that she was voluntarily proceeding without counsel. The failure to do that is reversible error. *See Meyrick*, 313 Or at 133.[2]

---

[2] We decline the state's invitation to remand the case to determine whether

■ We address defendant's other assignment of error because, if it were correct, defendant would be entitled to an outright reversal, rather than a remand. Defendant argues that a person must have a valid driver's license in order to be convicted under ORS 807.570 for failing to carry or produce it. Because defendant's license had been suspended, she argued at trial that she could not be convicted for failing to carry or produce one. She cites as authority for this proposition our decision in *State v. Miles*, 8 Or App 189, 492 P2d 497 (1972).

*Miles* involved *former* ORS 482.300(2), *repealed by* Or Laws 1977, ch 882, § 75, which is a predecessor to ORS 807.570. In *Miles*, we held that a person could violate *former* ORS 482.300(2) only if the person had a valid license to carry or produce. 8 Or App at 193-94.

Defendant's reliance on *Miles* is misplaced, because ORS 807.570 and *former* 482.300(2) are not equivalent statutes. A comparison of those statutes persuades us that ORS 807.570 applies to people, such as defendant, who drive a motor vehicle without a valid driver's license.

*Former* ORS 482.300(2) provided:

"The licensee shall have such license in his immediate possession at all times when driving a motor vehicle, and shall display it upon the demand of a justice of the peace, a peace officer, or a field deputy or inspector of the division. It is a defense to any charge under this subsection that the person so charged produce in court an operator's or chauffeur's license that had been issued to him and was valid at the time of his arrest."

The reference to "licensee" in this statute suggests that the statute applied only to people who had a license, as the *Miles* court held.

In contrast, ORS 807.570, by its terms, applies to any person who drives a motor vehicle, not just to licensees. It provides, in part:

"(1) A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

___

defendant would have proceeded to trial without counsel had she been adequately informed of her right to counsel. *See Meyrick*, 313 Or at 133.

"(a)    Drives any motor vehicle upon a highway in this state without a license, driver permit or out-of-state license in the person's possession; or

"(b)    Does not present and deliver such license or permit to a police officer when requested by the police officer under any of the following circumstances:

"(A)    Upon being lawfully stopped or detained when driving a vehicle.

"(B)    When the vehicle that the person was driving is involved in an accident."

The reference to "person" in ORS 807.570 indicates that the statute applies to anyone who drives a motor vehicle, not just those who have a valid license or permit to do so.

Furthermore, our conclusion is consistent with our decision in *State v. Rogue-Escamilla*, 106 Or App 270, 273-74, 806 P2d 1173 (1991), in which we held that ORS 807.570 applies to people who do not have a valid license to carry or present. We adhere to that decision. It follows, then, that defendant can be prosecuted and convicted for violating ORS 807.570 even though she did not have a valid license.

Reversed and remanded for a new trial.