Argued and submitted December 20, 1996, reversed and remanded October 1, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS ALFRED CHAMBERS,
*Appellant.*

## (9506-1357M; CA A92075)

946 P2d 300

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Robert E. Sabido, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

Edmonds, J., concurring.

## ARMSTRONG, J.

Defendant appeals his convictions for assault in the fourth degree and resisting arrest. ORS 163.160; ORS 162.315. He contends that he did not validly waive his right to counsel. We reverse and remand.

At arraignment, the court advised defendant of the charges against him and discussed with him his right to counsel:

"[THE COURT]: You are entitled to your court appointed attorney if you can't afford one, I don't see the paperwork on that, are you waiving the court appointed?

"[DEFENDANT]: Yes, I am going to see one this afternoon. * * *

"[THE COURT]: You'll talk to your own attorney, alright.

"[DEFENDANT]: Yes."

The court then ordered defendant to attend a pretrial conference and asked him to notify the court when he hired an attorney so that the attorney could reschedule the conference.

Defendant appeared at the scheduled pretrial conference without an attorney:

"[THE COURT]: Have you had a chance to talk to an attorney about this matter?

"[DEFENDANT]: I really haven't, your honor, because money's been tight lately, but I'm gonna have enough money in the next couple of weeks to get one. I was just going to plead not guilty today * * *. If you could reschedule, sir.

"[COURT]: Okay. * * * I'm willing to do that if you're saying that your reason is you want to talk to a lawyer about these matters. The court tries to be real careful if the person wants to get legal help, we try to be careful to let you do that. So, I'm going to do it again. * * * Since we're giving you all that extra time we're going to be kinda pushy at the next one about having you make a decision, alright? And you've sat through enough of these today to figure out what

we're going to be asking you, if you want a trial, a jury trial or a non-jury trial, and that kind of thing.

"[DEFENDANT]:  Yes, sir."

The court then scheduled another pretrial conference for defendant.

Defendant appeared at the next pretrial conference without an attorney:

"[THE COURT]:  You don't have an attorney, still?

"[DEFENDANT]:  No, sir, I am not going to have an attorney.

"[THE COURT]:  You just want to represent yourself, still?

"[DEFENDANT]:  Yes, sir.

"[THE COURT]:  Okay. And are you ready to make a decision on that, are you ready to go to trial, or what do you want to do on that?

"[DEFENDANT]:  I am going to make a decision, sir.

"[THE COURT]:  Okay. What is your decision?

"[DEFENDANT]:  I'd like to go to court.

"[THE COURT]:  Alright, you want a trial, and you want jury or non-jury?

"[DEFENDANT]:  Non-jury, sir."

The court scheduled the trial and suggested to defendant that he might need assistance in subpoenaing his witnesses:

"[THE COURT]:  If you're going to be subpoenaing some witnesses, you might want to get some help on that right away, instead of waiting until the last minute. It's kinda tricky, but it's not really that difficult once you get the right forms. It's not really that hard, but I strongly advise you to get some help from an attorney or somebody on how to make sure you get that done because if you show up for trial and say 'Geez, my witnesses aren't here', I'll say, 'Well, you know you're acting as your own attorney, how come you didn't make sure they were subpoenaed?'

"[DEFENDANT]:  Okay."

After the state's opening statement at trial, defendant moved to dismiss the case on the ground that his witnesses were not available. The court denied defendant's motion because, *inter alia*, defendant had not subpoenaed them. The court convicted defendant at trial of fourth-degree assault and resisting arrest.

■ The state contends that the court properly accepted defendant's waiver of his right to counsel because the record establishes that defendant knew of his right to counsel and that he intentionally relinquished that right. We disagree.

■ Before a court accepts a waiver of the right to counsel, it must assure itself that the defendant understands the risks of self-representation. "The preferred means of doing [that] is a colloquy on the record between the court and the defendant 'about the dangers and disadvantages of self-representation.'" *State v. Mendonca*, 134 Or App 290, 293, 894 P2d 1247 (1995) (quoting *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992)). The court failed to assure itself in this case that defendant had the necessary understanding.

■ The court did explain to defendant, *after* it had accepted his waiver, the importance of subpoenaing witnesses, but that advice has no bearing on the validity of the waiver. The court's purpose in offering the advice was not to assure itself that defendant knew the risks of self-representation. Rather, it was to help defendant fulfill the task on which he already had embarked. Furthermore, even if the advice had been given in order to convey to defendant the "dangers and disadvantages of self-representation," it was inadequate to do that.[1] The court erred in accepting defendant's waiver of counsel.

Reversed and remanded.

---

[1] We note that a court is not required to tell every defendant about the risks and dangers of self-representation in order for the court to assure itself that the defendants are aware of those risks. The court may conclude that a defendant has the necessary knowledge without the need to conduct such a colloquy. Here, there is nothing in the record to show that the court assured itself that defendant had that knowledge. If the court had considered the issue and decided that it was necessary to discuss the risks of self-representation with defendant in order to assure itself that he was aware of those risks, the court's statement about the need to subpoena witnesses would not have been adequate to accomplish that.

**EDMONDS, J.,** concurring.

I concur for the sake of *stare decisis*. The majority's result in this case is a tenable application of the Supreme Court's decision in *State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992), and is in accord with our interpretation of *Meyrick* in *State v. Mendonca*, 134 Or App 290, 293, 894 P2d 1247 (1995).[1] I write to express my increasing discomfort with our understanding of the meaning of *Meyrick*, as is amplified more fully below.

In *Meyrick*, the court repeated the oft-used general definition of a waiver. "A waiver is an intentional relinquishment or abandonment of a known right or privilege." 313 Or at 132. The court said, "In determining whether a defendant's waiver of counsel was the intentional relinquishment or abandonment of a known right, the trial court should focus on what *the defendant* knows and understands." *Id.* (Emphasis in original.) The court pointedly stated that there is no prescribed litany that must be pronounced in the presence of the defendant. It concluded:

> "We hold that a trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant intentionally relinquishes or abandons that right." 313 Or at 133.

Thereafter, the court said:

> "A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant *understands the risks* of self-representation." *Id.* (Emphasis supplied.)

We have focused on the latter sentence and, thus, we have arrived at the proposition that "[b]efore a court accepts a waiver of the right to counsel, it must assure itself that the defendant understands the risks of self-representation." 150 Or App at 340; *Mendonca*, 134 Or App at 293.

---

[1] *See State v. Cole*, 323 Or 30, 36, 912 P2d 907 (1996).

I am now convinced that the above proposition does not reflect a correct understanding of what the court meant in *Meyrick*. As the court in *Meyrick* said, "Our cases generally hold only that to be valid, a waiver must be voluntary and intelligently made." 313 Or at 132. Here, there is no question that defendant's waiver was voluntary and intentional.[2] The only issue is whether it was made knowingly or intelligently. Again, it is without question that defendant knew that he had a right to be represented in court by an attorney. The court told him so and, for a while, he intended to hire his own attorney. The majority's understanding of the requirement in *Meyrick* goes further. It requires that a defendant be aware of the risks of self-representation before he can be held to have made a knowing waiver and that the court assure itself of that understanding before it accepts the proffered waiver.

In my view, there is nothing in the Oregon Constitution or the case law before *Meyrick* that requires that a court assure itself that a defendant understand the *risks* of self-representation. The proper focus is on whether the defendant is aware of his right to be represented by counsel and not on what advice the trial court gives or on what responses or information the defendant reveals to the court about his decision-making process in deciding whether to waive that right. After all, the right to be represented by an attorney in court is not a complicated concept. Anyone of ordinary knowledge and experience in our society understands that an attorney plays the role of advocate in a criminal proceeding. It is also apparent to anyone involved in the legal system that attorneys, who are trained and experienced in legal matters, know more about the intricacies of the system than he or she does. I arrive at that kind of understanding every time I visit my physician's office or my auto mechanic's garage. I am now of the opinion that for there to be a valid constitutional waiver of counsel, it need only be shown that a defendant knew that he was entitled to be represented by

---

[2] The present case is distinguishable from *Mendonca* on this ground. In *Mendonca*, the state conceded that the trial record would not "show that [the] defendant directly waived her right to an attorney * * *." *Mendonca*, 134 Or App at 293. We rejected the state's argument that knowledge and waiver of the right ought to be imputed to the defendant because of her past experiences in the criminal justice system where she knowingly waived the right to counsel.

counsel and that he made a deliberate decision to forego that right. If that is the law, then the majority's ruling on the facts of this case is incorrect because, clearly, defendant knew of his right to counsel and, over a period of time, deliberately chose not to be represented.