Argued and submitted January 3, decision of Court of Appeals reversed; judgment
of circuit court vacated; case remanded to the circuit court with instructions
March 21, reconsideration denied April 30, 1996

STATE OF OREGON,
*Respondent on Review,*

*v.*

ALICONN DWON COLE,
*Petitioner on Review.*

(CC C9207-33965; CA A80160; SC S42600)

912 P2d 907

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the briefs was Sally L. Avera, Public Defender.

David B. Thompson, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

FADELEY, J.

---

**Unis, J., did not participate in this decision.

## FADELEY, J.

Police seized a firearm from an automobile in which defendant was a passenger and the state charged him under ORS 166.270 with being a felon in possession of a firearm. At arraignment, defendant, who is not a lawyer, appeared without counsel and stated that he would represent himself. The arraignment court gave no advice concerning the right to counsel or the perils of representing oneself. The court appointed an unnamed lawyer, who was present in the courtroom, to "fill in" as defendant's counsel during arraignment only.

Defendant later moved to suppress the firearm, and represented himself at the hearing on the motion to suppress. At the beginning of the hearing, the following discussion occurred:

"[PROSECUTOR]: This is the time and place set in the matter of Mr. Aliconn Cole, Circuit Court Number 9207-91086. Mr. Cole is personally present before you. He is not in custody. He is representing himself and you may wish to address that but it is his choice to represent himself.

"* * * * *

"THE COURT: Okay, Mr. Cole you know that you have a constitutional right to have a lawyer represent you. If you can't afford an attorney one will be retained for you at no cost to yourself and the Court will appoint one for you at the State's expense. Only you personally can waive that constitutional right. What is your wish here today? Do you want to represent yourself or do you want me to appoint a lawyer for you?

"MR. COLE: If you — if — I would like to represent myself on this particular motion to suppress. If I have to have an attorney I would like to have an attorney to sit in, you know, to fill in if possible.

"THE COURT: That presents a problem. You prepared the motion to suppress here, is that it?

"MR. COLE: Yes.

"THE COURT: Well, you wish to defend yourself but if it turns out, if the motion to suppress turns out you have to

go to trial then you may say you were not prepared on the motion —

"MR. COLE:   I will be prepared to go to trial win or lose. It does not make any difference."

Defendant made an opening statement but offered no testimony or other evidence. The state argued that the driver, who was in possession and control of the automobile, consented to the search. The court denied the motion. Immediately after that ruling, the court considered whether to proceed to trial on the merits. The motion judge advised defendant:

"THE COURT:   I would suggest that we set this over. I think you would be much better off having a lawyer represent you than you trying this case yourself about whether you were in possession of a gun. You probably would make a good witness but you don't do a very good job as your lawyer. It is an interesting disputed fact situation. We will appoint counsel for you and set it over so you can be ready for trial."[1]

Defendant was convicted at trial. The principal evidence against him was the firearm seized from the automobile. The motion to suppress thus was crucial to the case and to the specific charge in the case, given that the elements of the crime involved are but two: whether defendant was a felon and whether he possessed a firearm.

On review, defendant assigned error to the failure of the trial court to advise him of the dangers of representing himself. The Court of Appeals held that the trial court hearing the motion to suppress erred when it accepted a waiver of counsel that was invalid because defendant was not apprised of the risks of self-representation. *State v. Cole*, 135 Or App 643, 647, 900 P2d 517 (1995). In so holding, that court rejected the state's contention that the error was not properly preserved. *Ibid.* The Court of Appeals next considered whether proceeding with the suppression hearing without counsel or a valid waiver of counsel constituted "structural trial error" under various federal authorities interpreting the

---

[1] No counsel was appointed, however. Instead, defendant later appeared for trial with a retained lawyer who had limited his representation to being counsel for the purposes of trial only. A third circuit judge presided over the trial.

federal constitution. After deciding that denial of the right to counsel at a pretrial motion to suppress hearing is not structural error under those federal authorities, because an attempt to renew a motion to suppress may be made during trial at which time defendant had counsel, the Court of Appeals turned to the state's contention that denial of counsel during the pretrial suppression hearing was harmless error. A majority of the Court of Appeals held that the error was harmless. *Id.* at 651.[2] We allowed review and now reverse on the basis that the error was not harmless under state law.

In *State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992), this court held:

> "We hold that a trial court may accept a defendant's proffered waiver of counsel only if it finds that * * * the defendant intentionally relinquishes or abandons that right.

> "A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand the risks of self-representation. The more relevant information that a trial court provides to a defendant about the right to counsel and about the dangers and disadvantages of self-representation, the more likely it will be that a defendant's decision to waive counsel is an intentional relinquishment or abandonment of a known right or privilege and that the record will so demonstrate.

> "Article I, section 11, [of the Oregon Constitution] does not require a catechism by the trial court, however, before the right to counsel may be validly waived by a defendant. The failure of a trial court to impart a particular piece of information to a defendant will not, of itself, require reversal of a conviction if the record as a whole shows that the defendant knew of his or her right to counsel and that the waiver of counsel was an intentional relinquishment or abandonment of that known right." (Footnote omitted.) *Id.* at 133-34.[3]

---

[2] Judge Riggs dissented, believing that the error was prejudicial. *State v. Cole*, 135 Or App 643, 651, 900 P2d 517 (1995).

[3] As the Court of Appeals has stated:

The state concedes that the procedure followed here failed to comply with the *Meyrick* standard. However, it argues that denial of suppression and defendant's conviction should, nonetheless, stand for either of two reasons.

■ First, the state argues that the conceded error is not preserved, because defendant failed to renew the motion to suppress during trial on the merits. The state contends that that failure waived the error as a matter of law and, therefore, it is not preserved for appeal.

■ The state relies on ORS 133.673,[4] for the proposition that defendant could, during trial on the merits, have renewed his motion to suppress evidence and that his failure to do so means that the error is unpreserved. We reject that argument. Once an evidentiary ruling is made pretrial, the lack of later relitigation of the same issue, even where a statute permits relitigation on a discretionary basis, does not render any claim of error associated with the ruling unpreserved. *See State v. Foster*, 296 Or 174, 183-84, 674 P2d 587 (1983) (commenting on the many reasons to settle major evidentiary questions pretrial).

---

"Because the election to defend *pro se* necessarily involves a waiver of the right to counsel, it is incumbent upon the court to determine, by recorded colloquy, that the election or waiver is intelligent and competent. *Carnley v. Cochran*, 369 US 506, 82 S Ct 884, 8 L Ed 2d 70 (1962); *Johnson v. Zerbst*, 304 US 458, 465, 58 S Ct 1019, 82 L Ed 1461, 1466, 146 ALR 357 (1938); *State v. Collman*, 9 Or App 476, 497 P2d 1233 (1972). At minimum, the court should determine whether defendant understands the nature of the charge, the elements of the offense and the punishments which may be exacted. Further informing him of some of the pitfalls of defending himself, the possible advantage that an attorney would provide, and the responsibility he incurs by undertaking his own defense will also serve to insure defendant's decision is made intelligently." *State v. Verna*, 9 Or App 620, 626, 498 P2d 793 (1972).

[4] ORS 133.673 provides:

"(1) Objections to use in evidence of things seized in violation of any of the provisions of ORS 133.525 to 133.703 shall be made by a motion to suppress which *shall be heard* and determined by any department of the trial court *in advance of trial.*

"(2) A motion to suppress which has been denied may be renewed, in the discretion of the court, on the ground of newly discovered evidence, or as the interests of justice require." (Emphasis added.)

Moreover, the state is not well served by considering motions to suppress during trial. ORS 138.060 only grants the state a right of appeal from pretrial suppression rulings.

■ The error claimed in this case is that the trial court conducted a crucial stage of this criminal case while defendant was without counsel and without first obtaining an informed or intelligent waiver of the right to counsel. We agree with the Court of Appeals that that claim of error is preserved, even without an objection by the unrepresented party that his or her waiver of counsel was not an informed waiver. A defendant whose waiver of counsel is accepted without first being apprised of the risks of self representation cannot be expected to object to acceptance of that waiver on the ground that he or she was not apprised of those risks.

■ Second, the state argues that the error was harmless. The state rests that argument on the proposition that there was no chance that defendant could win a suppression ruling, even if represented by competent counsel at that hearing. That argument proves too much. Under it, the right of counsel would be applicable only when the court could say that defendant probably would win with the assistance of counsel. Even if the foregoing argument were otherwise apt, we are unwilling to grant its major premise, because we are unable to determine the outcome of such a hearing, if it had been conducted with assistance of defense counsel to cross examine and if defense testimony and other relevant evidence had been offered. That branch of the state's harmless error argument fails.

■ The state also argues that the error was harmless, because proof of defendant's guilt was clear.[5] Error is harmless if there is little likelihood that it affected the outcome in this case, *State v. Walton*, 311 Or 223, 230-31, 809 P2d 81 (1991), but that rule is not of assistance to the state under the facts involved here. The question of admissibility of the firearm was crucial to defendant's case. Evidence of a firearm in defendant's possession is the essence of the offense charged. Without the presence of a firearm and without a showing by the state that it was in defendant's possession, the state could not prove an essential element of the crime charged. Thus,

---

[5] If the error is prejudicial, we need not reach the contention that lack of counsel in the absence of a valid waiver always must be deemed reversible error on a *per se* basis, or the further contention that lack of counsel absent a valid waiver constitutes "structural trial error" that always is reversible.

the state's case (and, apparently, defendant's best line of defense) depended on the outcome of the motion to suppress. Under those circumstances, error in the process by which that motion was decided was prejudicial and not harmless.

We reverse the decision of the Court of Appeals and vacate the judgment of the circuit court. We remanded the case to the circuit court with instructions to grant defendant a new hearing on his motion to suppress evidence. If that motion is denied after the hearing, the circuit court shall again enter the judgment of conviction previously entered. If the motion is allowed, the circuit court shall grant the defendant a new trial.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is vacated. The case is remanded to the circuit court with instructions.