# MARK DEAN DAVIS,
*Appellant,*

*v.*

# Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

## (93C10371; CA A84947)

926 P2d 327

Paul J. Lipscomb, Judge.

Michael E. Rose and Multnomah Defenders, Inc., for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and David B. Thompson, Assistant Attorney General, for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

This appeal from the denial of petitioner's petition for post-conviction relief is on remand from the Oregon Supreme Court. *Davis v. Maass*, 323 Or 135, 913 P2d 1383 (1996). In 1991, petitioner entered a guilty plea on a charge of attempted assault in the first degree. In his post-conviction petition, petitioner alleged, *inter alia*, that the criminal trial proceedings resulted in a substantial denial of his constitutional right in that the criminal trial court "[s]ummarily denied Petitioner's request to represent himself." The record shows that, at the time of his request, petitioner was represented by counsel. He sought to obtain a different attorney and, when the trial court denied that request, he then sought to waive counsel and represent himself. The trial court also denied that request. When petitioner later entered his guilty plea, he was still represented by counsel.

■     The post-conviction court denied relief. On appeal, petitioner acknowledges that, although a criminal defendant has a constitutional right to represent himself, that right is not absolute. *State v. Verna*, 9 Or App 620, 626, 498 P2d 793 (1972). He argues however, that, when the trial court denied his request, the court made no inquiry into his understanding of the nature of the charge, elements of the offense, punishments that might be exacted, or pitfalls that might occur if he represented himself.

■     Our review of an appeal of a post-conviction judgment is limited to errors of law and whether the facts found by the post-conviction court are supported by the record. *Temple v. Zenon*, 124 Or App 388, 393, 862 P2d 585 (1993). In the post-conviction judgment, the post-conviction court entered findings that included:

> "Petitioner failed to offer credible evidence in this proceeding that he was prejudiced by the trial court's denial of his request to represent himself."

When we first considered the appeal, we interpreted that finding as the court's conclusion that petitioner would have entered a guilty plea even if he had represented himself and, accordingly, affirmed the post-conviction judgment without

opinion. *Davis v. Maass*, 137 Or App 633, 904 P2d 1094 (1995).

The Supreme Court remanded the case "for further consideration in the light of *State v. Cole*, 323 Or 30, 912 P2d 907 (1996)." The defendant in *Cole* had appeared at arraignment and informed the trial court that he would represent himself. The court did not give him advice about the right to counsel or the perils of representing himself. 323 Or at 32. The defendant later represented himself at the hearing on his motion to suppress, and his motion was denied. At trial, he was represented by counsel but was convicted. The Supreme Court held that the trial court had conducted a "crucial stage" of the case in the suppression hearing while defendant was without counsel and without first obtaining an informed or intelligent waiver of the right to counsel, *id.* at 36, and that the error was not harmless. It remanded for a new hearing on the motion to suppress. *Id.* at 37.

The circumstances of *Cole*, thus, are different. *Cole* was a direct appeal from a criminal case in which the defendant was permitted to represent himself. This is a post-conviction proceeding challenging the trial court's denial of the right of self-representation. Despite those differences, we have been directed to apply *Cole* to petitioner's argument.

The common thread between the two cases appears to be the failure of the trial court to advise of the perils of self-representation. However, in neither case was there any dispute that that failure was error, and in *Cole* the Supreme Court declined to decide whether lack of counsel in the absence of a valid waiver "always must be deemed reversible error on a *per se* basis[.]" 323 Or at 36 n 5. In *Cole*, the Supreme Court continued the inquiry to determine whether the error was harmless. *Id.* at 36. We conclude, thus, that the scope of the remand is for us to "further consider" the effect of the trial court's failure to advise.

■■ In the post-conviction context, that inquiry is not whether the error was "harmless" but whether the error renders the conviction void. Petitioner had the burden to prove, by a preponderance of the evidence, that he suffered a substantial denial of his constitutional right in the proceeding below, which rendered his conviction void. ORS

138.530(1)(a); ORS 138.620(2). *Chew v. State of Oregon*, 121 Or App 474, 855 P2d 1120, *rev den* 318 Or 24 (1993).[1] The post-conviction court found that petitioner did not meet that burden. That the court phrased the finding in terms of "prejudice" does not alter the substance of the court's conclusion. There is evidence in the record to support that finding, and we are bound by it.

Affirmed.

---

[1] In *Stevens v. State of Oregon*, 322 Or 101, 110 n 5, 902 P2d 1137 (1995), the Supreme Court "reaffirm[ed]" that, to prove "substantial prejudice" resulting from a trial counsel's inadequacy, a petitioner must only show acts or omissions that would have a tendency to affect the result. Petitioner's allegation here is not inadequacy of counsel but error by the trial court. Under ORS 138.530(1)(a), the petitioner must establish that the denial of the constitutional right "rendered the conviction void."