Argued and submitted April 3, affirmed November 20, 1996

## CLARENCE EX JONES,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(93C-10683; CA A88440)

928 P2d 351

Mark J. Geiger argued the cause and filed the brief for appellant.

Judith Brant, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner appeals the denial of post-conviction relief, arguing that the post-conviction court erred in holding that he was not denied the effective assistance of appellate counsel. We affirm.

In 1985, petitioner was charged with armed robbery in the first degree and armed robbery in the second degree. In October 1985, petitioner appeared before the trial court and informed it that he wanted to represent himself. Following a brief exchange, the trial court granted petitioner's request and appointed a legal advisor for petitioner. Three other attorneys were later appointed, seriatim, to assist petitioner in the criminal proceeding, and he also had the help of an investigator.

Petitioner appeared for trial with his legal advisor. Following a confrontation with the court, petitioner was removed from the courtroom. The legal advisor was permitted to remain in the courtroom but not to take an active role, because the court noted that petitioner had made it clear that he did not want to be represented. Petitioner was tried in his absence and convicted. On direct appeal, petitioner's counsel made no assignment of error relating to waiver of counsel.

In his petition for post-conviction relief, petitioner alleged, *inter alia*, that he was denied effective assistance of appellate counsel when

> "[a]ppellate counsel failed to raise * * * [a] violation of petitioner's rights * * * when the trial court failed to ensure petitioner's waiver of counsel was knowing and voluntary and that petitioner was apprised of the consequences of proceeding without representation by counsel."

The post-conviction court found that appellate counsel "had no basis upon which to assert that petitioner's waiver of counsel was not knowing and voluntary" and that petitioner failed to offer credible evidence that he had requested his appellate attorney to challenge the trial court's order authorizing him to represent himself.[1]

---

[1] Petitioner's assignment of error is to the second finding, but he makes no separate argument relating to that finding.

Petitioner argues that the post-conviction court erred in denying him relief, because competent appellate counsel would have asserted the claim that petitioner's waiver of counsel was not knowing and voluntary. Our review of a post-conviction proceeding is limited to errors of law and whether the facts found by the post-conviction court are supported by the record. *Temple v. Zenon*, 124 Or App 388, 393, 862 P2d 585 (1993). A plaintiff seeking post-conviction relief on the ground of inadequate assistance of appellate counsel for failure to assert a claimed error must establish (1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different. *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987).

Petitioner argues that the record must show a voluntary and intelligent waiver of counsel. *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992). Although *Meyrick* had not been decided at the time of petitioner's direct appeal, petitioner argues that, in *Meyrick*, the Supreme Court appeared to accept the requirements of *State v. Verna*, 9 Or App 620, 498 P2d 793 (1972) that, before allowing self-representation, a trial court should determine, at a minimum, whether a defendant understands the nature of the charge, the elements of the offense and the punishment that can follow conviction. He argues that the record here shows that the trial court did not explain the risks of self-representation to petitioner and that, "more likely than not," if appellate counsel had raised the issue, the results of the appeal would have been different given the holdings of *Verna* and *Meyrick*.

It is clear from the trial record that the trial court did not comply with a *Verna/Meyrick* formula. The gravamen of petitioner's argument is that, because the trial court did not follow that procedure, his waiver was not valid and, therefore, it necessarily follows that, on appeal, his conviction would have been reversed. Petitioner does not explain why reversal would have been the result, and the Supreme Court has not held that proceeding without counsel in the absence of a valid waiver is always reversible error.[2] Furthermore, we

---

[2] *See State v. Cole*, 323 Or 30, 36 n 5, 912 P2d 907 (1996) (court declined to decide whether lack of counsel in the absence of valid waiver always must be deemed "reversible error on a *per se* basis").

do not agree with petitioner that a valid waiver can be found only if the trial court follows the procedure suggested in *Verna/Meyrick*, and, indeed, petitioner acknowledges that a litany of warnings by the trial court as to the dangers of self-representation is not required. *See Meyrick*, 313 Or at 134 (Article I, section 11, does not require a catechism by the trial court before the right to counsel may be validly waived).[3] To accept a waiver of counsel a trial court must find that the defendant knows of the right to counsel and, if indigent, of the right to court-appointed counsel, and that the defendant intentionally relinquishes that right. *Id.* at 133. That finding is made on the totality of the circumstances before the trial court, *id.* at 136, including the trial court's observation and assessment of the defendant's competency and demeanor and knowledge of the right to counsel that is being relinquished. *Id.* at 135.

Here the record shows that petitioner was aware of his right to appointed counsel: He had appointed counsel when he asked the court to permit him to represent himself. The trial court also knew that petitioner had been informed about the charges against him, which the court noted were armed robbery. Petitioner's appointed counsel advised the court that petitioner had called counsel's office and had "a lengthy conversation with my trial assistant concerning the seriousness of these charges and how helpful an attorney could be." The record also shows that petitioner knew that he had a constitutional right to represent himself under *Faretta v. California*, 422 US 806, 95 S Ct 2525, 45 L Ed 2d 562 (1975), and was adamant about exercising that right, even in the face of the trial court's admonition that it considered that "a person who represents themself [*sic*] [has] a fool for a client."[4] The record also shows that, after the hearing at which

---

[3] The Supreme Court recently reiterated that point in *State v. Cole*, 323 Or 30, 34, 912 P2d 907 (1996):

" 'The failure of a trial court to impart a particular piece of information to a defendant will not, of itself, require reversal of a conviction *if the record as a whole shows that the defendant knew of his or her right to counsel and that the waiver of counsel was an intentional relinquishment or abandonment of that known right.*' "

(Emphasis supplied; citation omitted.)

[4] Petitioner's response was "[B]etter to be your own fool than somebody else's fool."

petitioner elected to represent himself, he was provided the legal assistance of four "legal advisors." Throughout, petitioner demonstrated knowledge of the criminal proceeding, filing various motions related to his defense of duress and requesting discovery, and, at a pre-trial hearing, arguing his opposition to excluding his defense.

The circumstances here are similar to those in *Meyrick*, although the defendant in that case, unlike petitioner here, had never had representation. In holding that the defendant had intentionally relinquished his right to counsel, the court did not rely only on the information given to the defendant by the trial court at arraignment as to the possible penalties and the right to counsel. It looked to the record as a whole:

> "[T]he record shows that before trial defendant had discussed his case with an attorney. During his opening statement at trial, defendant told the court that that attorney had warned him that his chances of winning his case without counsel 'were akin to his chances of handling nuclear materials with his bare hands and not being affected.' Defendant added, 'Although [that advice is] sobering, I've chosen to disregard [the attorney's] advice and defend myself.' Defendant's statement to the trial court shows that he knew that he had a right to be represented by a lawyer at trial, that he understood the dangers and disadvantages of self-representation, and that he intentionally relinquished his right to counsel. Defendant had ample time to reconsider his original decision to waive counsel. * * * [D]efendant never departed from his unequivocal demand to represent himself."

*Id.* at 135-36 (footnotes omitted).

The same is true here. Petitioner knew of his right to be represented by counsel and of the role that counsel would play. He was admonished by the trial court of the folly of representing himself. He chose to ignore that advice. He had ample time, with the assistance of more than one legal advisor, to reconsider that decision, but, as did the defendant in *Meyrick*, he did not waver from his choice.

Petitioner presented no evidence to meet his burden to prove that the totality of the circumstances at trial did not

show an intentional relinquishment of the right to counsel. The post-conviction court did not err in holding that petitioner was not denied the effective assistance of appellate counsel when counsel did not make a claim of invalid waiver on direct appeal.

Petitioner's second assignment of error does not require discussion.

Affirmed.