Argued and submitted October 29, 1998, reversed and remanded for new trial
April 14, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# TIMOTHY LEE RICHARDSON,
*Appellant.*

(10-97-00938; CA A98715)

978 P2d 435

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Edmonds and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from a judgment of conviction for perjury, ORS 162.065, asserting that the trial court erred in proceeding without ascertaining whether defendant had voluntarily waived his right to counsel. Defendant argues, particularly, that the court was obligated to apprise defendant of the risks of self-representation before ruling on pretrial motions that he had filed *pro se*, but that the court failed to do so. We reverse and remand for a new trial.

On February 21, 1997, defendant was arraigned. At the arraignment, the court advised defendant of the charges against him and discussed with him his right to counsel:

"[THE COURT]: Were you present when I advised you of your rights?

"[DEFENDANT]: Yes.

"[THE COURT]: Do you understand those rights.

"[DEFENDANT]: Yes, Sir.

"[THE COURT]: Do you wish to be represented by a lawyer?

"[DEFENDANT]: I don't — I, I don't know, at this point. I do not believe that this indictment meets the minimal standards for sufficiency * * *, so I don't know how to answer the question.

"[THE COURT]: Well, a lawyer may be able to assist you in challenging the indictment. There are — As you probably know, there are legal motions that can be filed. My question is whether you want to be represented by an attorney and, if so, do you want the court to appoint a lawyer for you, or do you want to hire a lawyer of your own choosing?

"[DEFENDANT]: If I get an attorney, it will have to be court-appointed. I can't afford —

"[THE COURT]: Well, if you wish to be considered for court-appointed counsel, you need to go to the second floor of the courthouse and speak to the verification clerk. They will take some financial information from you and make a recommendation concerning appointment of counsel."

The court then entered a not guilty plea on defendant's behalf, granting him leave to file motions challenging the indictment:

"[THE COURT]:    I will enter a not guilty plea for you today on this charge. I will give you leave to file the appropriate legal challenges, if you wish to do that later on. So by entering a not-guilty plea, I'm simply saving you another trip to the courthouse. But you will be able to file a demurrer or any other legal challenges if you wish. Do you understand that?

"[DEFENDANT]:    (The defendant nods his head.)

"[THE COURT]:    You need to sign for a notice telling you to come back to court in 35 days."

On February 27, defendant filed three documents: "A Verified Special Appearance to Quash Indictment," a "Demand for a Bill of Particulars," and an affidavit asserting that he was withdrawing the not guilty plea that the court entered on his "behalf, and over [his] objection" because it was entered in error. In the first motion, defendant stated that he was "without counsel" and that he did not waive any rights.

On March 28, defendant appeared before the presiding judge at "35-day call" to determine whether the case was ready to be set for trial. Defendant appeared without counsel and without having sought to obtain appointed counsel. The following colloquy occurred:

"[THE COURT]:    Is this for trial?

"[DEFENDANT]:    I don't know yet, Your Honor. The matter I put in a motion to have the indictment quashed, it hasn't been heard. I put in a discovery request that hasn't been provided, and I put in a request for a bill of particulars, it hasn't been provided. And as a result, I did an affidavit of withdrawal of involuntary plea. * * *

"* * * * *

"[THE COURT]:    At this time the case will be set for trial. The matters will be heard by the criminal judge, but this case will be set for trial.

"[DEFENDANT]: Sir, may I say something? The Court doesn't have subject matter jurisdiction, and a trial date cannot be set until there is a sufficient indictment.

"[THE COURT]: Sir, you've been arraigned, you've entered a plea of not guilty.

"[DEFENDANT]: No, sir, I did not enter a plea of not guilty. One was entered over my objection.

"[THE COURT]: Well, we're going to set a trial. Okay. And these matters will be heard, and then if these matters somehow resolve this case short of a trial, then the trial date will be canceled. At this point we're setting it for trial.
* * *

"[DEFENDANT]: I would like the record to reflect that a trial date is being established over my concerted and reaffirmed objection."

On April 21, defendant filed a supplemental motion to quash the indictment. In that motion, defendant again recited that he was "without counsel" and that he was not waiving any rights. However, he did not request counsel or assert that he had been denied court-appointed counsel.

On April 27, a judge who had not participated in any of the prior proceedings ruled on all of defendant's motions. Although defendant had requested in the April 21 motion that oral argument be heard on his motion, the judge ruled on that motion and the February 27 motion without oral argument,[1] disallowing both.

On June 26, the matter proceeded to trial before yet another judge. Before the trial began, defendant asserted that he was improperly arraigned; that the trial court lacked authority to enter a not guilty plea on his behalf; that he continued to be without counsel; and that there was no waiver of counsel in the record. The court, noting that defendant's

---

[1] The court's order, after noting that defendant improperly relied on common law rather than the relevant statute, noted:

"Defendant has requested oral argument in the second of his Motions. However, the defendant has failed to comply with the requirements of Uniform Trial Court Rule 4.050(1). Because of the failure to comply with Court rule, and because the verbiage provided by the Defendant suggests reasons other than those permitted by statute, it is obvious that oral argument would be of no benefit to the Court."

motions to quash had been denied, directed that the trial proceed. The following colloquy then occurred:

"[DEFENDANT]: [A]t the time of indictment [*sic*], the right and requirement to be represented by qualified counsel is again made explicitly clear in the Oregon Revised Statutes, and specifically at 135.040 and 135.045.

"[THE COURT]: The journal entry from February 21, 1997, which is the arraignment date —

"[DEFENDANT]: Yes, sir.

"[THE COURT]: before [the court] states that you were referred to the Verification Office to arrange for court-appointed attorney.

"[DEFENDANT]: That was subsequent to what passed for an arraignment, and was not provided or even told to me prior to being arraigned.

"[THE COURT]: Are you contending that prior to the time you were arraigned, [the judge] did not advise you had the right to a lawyer?

"[DEFENDANT]: Yes, sir.[2]

"[THE COURT]: I find that very hard to believe, knowing [the judge] and knowing his processes.

"* * * * *

"[DEFENDANT]: You won't find a waiver [of counsel] in the Court record.

"[THE COURT]: You keep coming back to that, but that's your choice. You were referred for court-appointed counsel, apparently did not follow up with that, haven't retained your own counsel. And you're here telling me you're ready to go to trial. You know, we all make choices, and we live with, you know, whatever the ramifications of those choices are.

"[DEFENDANT]: In the first place —

"[THE COURT]: My job today, again, is to try this case. And I'd like to get on with it. So you've told me [preliminary matters] would take maybe a half an hour. We're beyond it

---

[2] In fact, defendant was advised of his right to counsel. *See* 159 Or App at 594.

now. And I don't think we're nowhere near done with the issues, which gives me a concern about timing here.

"[DEFENDANT]:   I don't believe that I said I was ready for trial. I don't believe that I am. I don't know I can proceed. I don't have enough information. I've not been able to formulate an adequate defense. And I think the record that you have, that this Court has, is clear that I obviously don't have sufficient information to formulate a defense. As far as court-appointed counsel goes, we were denied court-appointed counsel.* * *[W]e were just down at the Verifier's Office, I believe it was last week. My wife has a case. If you're looking for a statement from the Verification Office —

"[THE COURT]:   I don't have an order that says that.

"[DEFENDANT]:   No, you won't find that in my file. We were down there on a case involving my wife just last week.

"[THE COURT]:   No, you said you were denied court-appointed counsel.

"[DEFENDANT]:   Yeah.

"[THE COURT]:   In this case?

"[DEFENDANT]:   No, sir.

"[THE COURT]:   Okay. Because there's an order if that happens, and I didn't see any order in this file.

"[DEFENDANT]:   No. But we were denied that in my wife's case. And the fact of the matter is, still don't have money to afford an attorney, I don't. * * *

"* * * * *

"[THE COURT]:   Okay. So now, I'm prepared to go to trial. Are you?

"[DEFENDANT]:   No, sir. I can't possibly be prepared at this point.

"[THE COURT]:   We are going to try this case."

The case proceeded to trial, and a jury convicted defendant of perjury.

Defendant appeals, asserting that the court required him to proceed at critical stages of the proceedings *pro se*,

including arraignment, presentation of motions, and trial, without obtaining a valid waiver of his right to counsel. Specifically, defendant argues that:

"[A]t the very first stage in the proceedings, the court forced defendant to proceed *pro se,* without first securing a valid waiver of counsel. This constitutes a violation of ORS 135.040; ORS 135.045; Article I, section 11 [of the Oregon Constitution], and the Sixth Amendment. * * *

"But that was not the end of it. At various stages throughout the remainder of the proceedings, defendant apprised the court that he was without counsel, that he never had waived his right to counsel, and that he objected to proceeding without counsel." (Citations omitted.)

■ We turn first to defendant's statutory arguments. Defendant contends that the trial court violated his statutory right to counsel at arraignment, ORS 135.045, by entering a not guilty plea "on his behalf" without first ensuring that he was represented by counsel or obtaining a valid waiver. The state acknowledges that the trial court did not comply with ORS 135.045 but asserts that that noncompliance did not prejudice defendant because he was given leave to file legal challenges to the indictment—and, in fact, did so.

ORS 135.045 provides, in part:

"If upon arraignment of a person accused of a crime against the laws of this state, the person being arraigned appears without counsel, the court having jurisdiction of the case * * * shall appoint suitable counsel to represent the person unless the person waives counsel and the court approves the waiver."

*See State v. Maletta,* 98 Or App 643, 648, 781 P2d 350 (1989), *rev den* 309 Or 522 (1990) (ORS 135.045 requires that "[i]f, at arraignment, an accused does not have an attorney, the trial court *must,* in absence of a waiver, appoint 'suitable' counsel.") (emphasis added).

■ The trial court failed to comply with the literal requirements of ORS 135.045. Nevertheless, defendant was not prejudiced by that error. *See Maletta,* 98 Or App at 649 (violation of ORS 138.045 did not compel dismissal of murder charge where defendant demonstrated no prejudice from

that violation). Here, in entering the not guilty plea, the court expressly reserved defendant's entitlement to file subsequent challenges to the indictment, either with or without the assistance of counsel. Consequently, the statutory violation was not reversible error.

Defendant next asserts that his constitutional right to counsel[3] was violated both because the trial court ruled on defendant's *pro se* pretrial motions without advising him of the risks of self-representation and because the court proceeded to trial without ever apprising him of those risks. *See State v. Meyrick*, 313 Or 125, 132-33, 831 P2d 666 (1992). The state acknowledges that defendant never formally waived his right to counsel. The state argues, however:

> "Because defendant never asked to represent himself, the trial court was not obligated to determine if he validly waived his right to counsel. Defendant's *pro se* status at trial does not reflect trial court error. It instead reflects defendant's failure to take the necessary steps to obtain either court-appointed or retained counsel.
>
> "Because the trial court correctly treated defendant as a *pro se* litigant, it did not err by ruling on his *pro se* motions. Even if that decision had constituted error, any error would have been harmless. The assistance of counsel would not have affected the litigation about the sufficiency of the accusatory instrument, or the discovery provided to defendant."

*State v. Curran*, 130 Or App 124, 880 P2d 956 (1994) describes the applicable analysis:

> "A valid waiver requires that the defendant know that he has a right to counsel and that he intentionally relinquishes it. We examine the totality of the circumstances to see if there is a knowing and intentional waiver of the right to the assistance of counsel. That determination is based in

---

[3] Article I, section 11, of the Oregon Constitution, provides:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense."   .

part on the information a defendant has about the consequences and pitfalls of proceeding without counsel.

"* * * Although no particular catechism is required, the court must provide some information about the dangers of self-representation." *Id.* at 127 (emphasis added; citations omitted).

Here, the record indicates that the trial court never engaged defendant in any colloquy regarding the dangers of proceeding without counsel. Moreover, nothing in the record suggests that defendant was already aware of those dangers.

■ In this case, defendant's *pro se* filing of his pretrial motions should reasonably have alerted the trial court that defendant was, in fact, proceeding without the assistance of counsel. Those motions were the functional equivalent of a defendant standing before the court and declaring, "I intend to represent myself."[4] Consequently, before ruling on those motions, including the potentially dispositive motions to quash, it was incumbent on the trial court to engage in a *Meyrick* colloquy with defendant to assure that his decision to proceed *pro se* was, in fact, informed. The court's failure to do so was error.

■ The state argues, however, that any error is, at worst, harmless. Invoking our analysis in *State v. Cole*, 135 Or App 643, 900 P2d 517 (1995), *reversed* 323 Or 30, 912 P2d 907 (1996), the state asserts that it was incumbent upon defendant to make some showing that representation by counsel could have affected the disposition of the pretrial motions or, at least, "increased the possibility that the pertinent issues would be preserved for appellate purposes"—and that defendant had failed to make that showing. The state emphasizes that here, unlike in *Cole*, the pretrial motions at issue were not motions to suppress and, thus, did not involve the examination of witnesses or the presentation of evidence.

Whatever the correctness of the state's understanding of our reasoning in *Cole*, the Supreme Court, in reversing our holding, adopted a broader, more "holistic" view of reversible error in this context. In *Cole*, the defendant, who had not been advised of the risks of self-representation, filed a *pro se*

---

[4] Indeed, the motions to quash stated that defendant was "without counsel."

motion to suppress and argued that motion himself. The trial court denied the motion but, immediately thereafter, appointed counsel for the defendant. The defendant was ultimately convicted after a stipulated facts trial and appealed, contending that he was entitled to reversal and a new trial under *Meyrick*. In rejecting that argument, we held that, although the trial court had erred in accepting the defendant's implicit waiver of counsel before ruling on his *pro se* motion to suppress, that error was harmless:

> "When defendant later obtained counsel, counsel did not ask the court to revisit [the denial of suppression], or otherwise assert any factual or legal grounds that would indicate why that ruling was erroneous. In particular, counsel never argued that defendant had failed to advance all of the plausible bases for suppression that competent counsel would have, or had failed to argue the bases that were raised as effectively or persuasively, as defense counsel would have. Nor do defendant's arguments to this court purport to demonstrate how competent counsel could have presented different, or more effective, arguments that might have prevailed at the suppression hearing. Defendant's failure to assign error directly to the trial court's denial of his motion to suppress underscores that fact.

> "Given those circumstances, we conclude that there is little, if any, likelihood that the lack of representation affected the outcome of the suppression hearing and defendant's consequent conviction. We further conclude, for the same reason, that the trial court's error in accepting defendant's invalid waiver of counsel, and in proceeding on that basis, was harmless beyond a reasonable doubt." *Cole*, 135 Or App at 650-51.

The Supreme Court reversed, concluding that the error was not harmless.[5] In so holding, the court emphasized that it was "unable to determine" what the outcome of the pretrial motion would have been if the defendant had been represented by counsel. 323 Or at 36. Although the court's discussion refers, necessarily, to the suppression motion at

---

[5] In so holding, the court reserved the issue of whether an invalid waiver of counsel at any material stage of a criminal proceeding is, necessarily, reversible error. 323 Or at 36 n 5.

issue in *Cole*, the court's "we can't tell" premise is transcendent. That is, contrary to the state's reading, nothing in *Cole* purports to limit that general principle to the particulars of suppression motions or evidentiary hearings.

Applying that principle here, we are unable to determine, on this record, whether the development and disposition of defendant's pretrial motions could have been affected if defendant had been represented by counsel at that stage of the proceedings. To be sure, defendant here, like the defendant in *Cole*, does not "purport to demonstrate how competent counsel could have presented different, or more effective, arguments." 135 Or App at 650-51. Nevertheless, like the Supreme Court in *Cole*, given the breadth of the issues implicated by defendant's motions, including the motions to quash and the motion for a bill of particulars, we cannot say with confidence that the development and disposition of the challenges to the indictment would not have been different if defendant had been represented by counsel. The error was not harmless.

Reversed and remanded for a new trial.