Argued and submitted June 26, 2013, reversed and remanded June 10, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRITTNEY RENE HUNT,
*Defendant-Appellant.*

Lane County Circuit Court
211101054; A148399

352 P3d 63

Alice Newlin-Cushing, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Edmonds, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for third-degree theft after a stipulated-facts trial to the court. Defendant's sole assignment of error is that she was denied the right to counsel when the trial court did not obtain a valid waiver of counsel from her before proceeding with her arraignment without the benefit of counsel. The state does not argue that the trial court did not err in how it proceeded; instead the state argues that any error is not reversible because defendant did not suffer prejudice and because she is not entitled to the remedy that she seeks. We conclude that the trial court's failure to obtain a valid waiver of counsel from defendant was not harmless and reverse and remand for a new arraignment.

The relevant facts are procedural and undisputed. The state charged defendant with third-degree theft. At her arraignment, the state offered defendant the opportunity to participate in Lane County's Recognizing Early Accountability Program (REAP). Under that program, defendant could plead not guilty and, if she completed 16 hours of community service at one or more of six specified agencies in Lane County and provided proof of completion of service at her 35-day call court appearance, then the state would dismiss the charge. The REAP paperwork set out all the terms of the offer and provided that, if all the terms were not met, then defendant's case would not be dismissed. Those terms included, the following:

> "Bring all completed REAP timesheets to your 35-Day Call Court appearance. All community service hours must be completed by this date. There will be no extensions to complete service, no postponement of your 35-Day Call appearance, and no exceptions will be made. If you or your attorney ask the court to postpone your 35-Day Call appearance and that request is granted, this offer is revoked."

(Underscore in original.) During her arraignment, the following exchange occurred between the court, two unnamed attorneys, and defendant regarding the REAP program and defendant's right to counsel:

> "ATTORNEY: I believe the Court is meant to have a colloquy with [defendant] about whether or not she wants

Court-appointed Counsel. If she does want Court-appointed Counsel, there is a $90 fee. In any event, if she accepts the REAP Program, she has things she needs to do before 35-day call.

"ATTORNEY 2: If she gets the 35-day call and she hasn't had an attorney appointed, essentially that puts her back at square one, so she hasn't lost anything and she'd save $90 if the Court didn't appoint today, but it's, of course, her decision on whether or not she'd like to have an attorney.

"THE COURT: The REAP Program, apparently is, if you do some community service work, the case goes away.

"[DEFENDANT]: Yes, sir.

"THE COURT: Do you have the paperwork to apply for that?

"[DEFENDANT]: Yes, I think so. Yes, I do, sir.

"THE COURT: Does it direct you to where to go?

"[DEFENDANT]: There's a couple of different agencies on this paper that tell me where to call and the numbers.

"THE COURT: Okay. Do you want to do that?

"[DEFENDANT]: Yes, sir.

"THE COURT: All right, then we set it for 35-day call—

"ATTORNEY: Yes, Your Honor.

"THE COURT: Without an attorney.

"ATTORNEY: Without an appointment.

"THE COURT: Okay. Read that paperwork, follow through with it. Reappear with it on February 28 at 2:30, and if you prove that you have completed all that stuff, then the case will go away.

"If you don't, then we start all over again. Do you understand that?

"[DEFENDANT]: Yes, sir."

When defendant appeared at her 35-day call, she had not completed any community service, and the following exchange occurred with the court:

"[THE COURT:]   You had a REAP offer?

"THE DEFENDANT:   Yes, I did. Um, I called the—I had court here when I got the REAP offer. I don't live in Eugene. I live in Days Creek, which is Douglas County. And I didn't have a ride up here to do the community service or a place to stay while I was up here, so I called to try to get transferred and they said I had to do it in front of a judge.

"[PROSECUTOR]:   Your Honor, today the REAP offer is off the table. So if [defendant] would like an attorney and she qualifies, that would be an appropriate time to do that.

"THE COURT:   Okay. [Defendant], the district attorney's office is taking the REAP off the table.

"THE DEFENDANT:   Okay.

"THE COURT:   So do you want to be considered for court-appointed?

"THE DEFENDANT:   Yes, please."

The court then appointed counsel for defendant, who filed a motion to enforce the REAP offer and a motion to dismiss. In support of defendant's motions, defense counsel attested that defendant had called the court shortly after reading through the REAP paperwork following her arraignment. Courthouse staff informed defendant that she would need to talk to a judge to transfer her community service obligation to Douglas County. Defendant argued that the trial court violated her right to counsel by not adequately informing her of that right and by not obtaining a valid waiver of that right from her. She contended that the violation harmed her because she did not have the opportunity to obtain the advice of counsel regarding the REAP obligation to perform all community service in Lane County, which was an obligation about which she was not informed orally at arraignment and about which she received misinformation from the court when she called about transferring her service obligation. Based on that violation and resulting prejudice, defendant sought to have a new 35 days to complete the REAP offer or have the charge dismissed.

The trial court denied both motions. First, the court concluded that specific performance was not an available

remedy because defendant never performed—that is, she did not complete any community service by the 35-day call—and because, under ORS 135.405, the court was not permitted to grant any extensions of the plea offer of more than seven days. Second, the court agreed with the state that "there is no showing of any harm based on the failure to be notified of her right to counsel" because the REAP documentation was clear that the offer would not be modified and would not be extended. Following the denial of those motions, defendant proceeded to a stipulated-facts trial to the court, resulting in the court entering a judgment of conviction against defendant for third-degree theft.

On appeal, defendant reprises her arguments. Defendant first argues that, at arraignment, the trial court did not adequately advise her of her right to counsel or obtain a valid waiver from her of that right, in violation of Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. Or Const, Art I, § 11 ("In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel ***."); US Const, Amend VI ("In all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defense."); *see also State v. Meyrick*, 313 Or 125, 132-33, 137-38, 831 P2d 666 (1992) (discussing requirements to obtain a valid waiver of the right to counsel). The state does not argue otherwise on that point. We agree with defendant that the trial court erred when it permitted defendant to appear at her arraignment without counsel without obtaining from defendant a valid waiver of her right to counsel.[1] *See, e.g., State ex rel Russell v. Jones*, 293 Or 312, 315, 647

---

[1] Although defendant has based her arguments on the state and federal constitutions, ordinarily, we would first determine whether the case may be resolved on subconstitutional grounds. *Zockert v. Fanning*, 310 Or 514, 520, 800 P2d 773 (1990). Here, ORS 135.045 governs the appointment and waiver of counsel in criminal proceedings. Neither the Oregon Supreme Court nor this court have interpreted the current text of that statute, which we have previously noted "appears to impose on the trial court obligations congruent to those imposed under the state and federal constitutions when a defendant wishes to waive the right to counsel." *State v. Phillips*, 235 Or App 646, 651, 234 P3d 1030, *disposition modified on recons*, 236 Or App 465, 236 P3d 789 (2010). Given that apparent similarity and because defendant has not argued that the statute would provide her with broader protections or more complete relief than that provided by the constitutional provisions, we express no opinion on the meaning of ORS 135.045.

P2d 904 (1982) (stating that, under the Oregon and United States Constitutions, "a criminal defendant's guarantee of the assistance of counsel exists at least at all court proceedings from arraignment through probation revocation * * * where, without the assistance of counsel, the legal interests of the defendant might be prejudiced").

We will not reverse defendant's conviction, however, if the trial court's error was harmless.[2] "Error is harmless if there is little likelihood that it affected the outcome in this case[.]" *State v. Cole*, 323 Or 30, 36, 912 P2d 907 (1996). "Where we are unable to determine what the outcome of a case would have been if the defendant had been represented by counsel instead of proceeding without counsel, the error is not harmless." *State v. Phillips*, 235 Or App 646, 656, 234 P3d 1030, *disposition modified on recons*, 236 Or App 465, 236 P3d 789 (2010) (citing *Cole*, 323 Or at 36, and *State v. Richardson*, 159 Or App 592, 602-03, 978 P2d 435, *rev den*, 329 Or 479 (1999)).

Defendant urges us to conclude that the error here is not harmless because, without the advice of counsel, defendant did not fully understand the REAP plea offer and relied on information from the court that she could ask the judge to transfer the community service to Douglas County. Defendant asserts, "If defendant had had counsel at arraignment, counsel could have reviewed the offer with her, explained the terms, and advised her that she had to perform the community service in Lane County in order to have the charge dismissed." At a minimum, defendant argues that she has met the "unable to determine" standard set out in *Phillips* because it cannot be determined if advice of counsel at arraignment would have made a difference.

The state responds that defendant never asserted below that she was confused or did not understand the REAP offer, the terms of which are clearly set out in the paperwork defendant received. The state points out that defendant

---

[2] Because we grant defendant the relief she seeks under the Oregon Constitution, we do not address defendant's argument under the Sixth Amendment that the trial court's denial of her right to counsel at arraignment was structural error that requires reversal.

acknowledged at arraignment that she understood that she was to call the agencies listed in the paperwork and acknowledged at her 35-day call that the reason that she did not complete any community service was because she could not arrange transportation to Lane County. Given those facts, the state asserts that advice of counsel about the terms of the REAP offer could not have changed the outcome of defendant's case. That is, defendant would still have been unable to comply with the terms of the REAP offer because she lacked transportation, and, as a result, she would have then proceeded to trial with the assistance of counsel as has already occurred.

As the parties' arguments suggest, we must focus our inquiry on whether the legal advice of counsel at arraignment could have affected the outcome of defendant's case—our inquiry does not ask whether counsel could have meaningfully assisted defendant in a nonlegal capacity, such as arranging transportation to Lane County. Here, the parties do not appear to dispute that competent counsel could have fully explained the REAP offer to defendant, answered questions accurately, and impressed upon defendant the importance of timely completing her community service at an approved location. What the parties dispute is whether that effort by counsel could have affected the outcome of defendant's case. We conclude that it could have.

We are not persuaded by the state's argument that, regardless of counsel's advice, the same outcome would have occurred because defendant remarked at her 35-day call that she did not have transportation to Lane County. The record is not clear as to what transportation issues defendant had or what effort she made to overcome them; nor does it reveal whether defendant could have made a successful effort to arrange transportation had she understood the importance of doing so. What does appear from the record is that defendant received misinformation about the REAP offer when she sought clarification from the court after her arraignment. Although the REAP paperwork emphasizes that service must be completed before the 35-day call and that exceptions to that requirement will not be made, defendant was led to believe that she could ask a judge to transfer her community service obligation to Douglas County,

which she then attempted to do at her 35-day call. If she had had counsel, defendant could have obtained competent advice regarding the location obligation for completing her service and an explanation that no exceptions to the 35-day call deadline meant that not even a judge could make an exception. It is impossible for us to tell what effect such competent advice might have had on defendant's ability to find transportation, but we can say that it would have removed defendant's seeming misconception that a judge could assist her with the REAP offer at the 35-day call. Given the state of this record, we cannot say that there was little likelihood that the advice of counsel at arraignment would have affected the outcome of defendant's case.

That conclusion, however, does not end our discussion because we must determine the remedy, if any, to which defendant is entitled. Ordinarily, when a defendant has been denied counsel at a particular stage of criminal proceedings, we seek to put the defendant into the position she would have been in had there been no denial of counsel at that stage. *See Cole*, 323 Or at 37 (vacating the judgment and remanding for a new suppression hearing where defendant was denied counsel at his suppression hearing); *Phillips*, 235 Or App at 656-57 (vacating supplemental judgment imposing restitution and remanding for resentencing where defendant was denied counsel at his restitution hearing). The state argues that, in this case, that would only put defendant at the beginning of her case with the benefit of counsel, just as has already occurred here—that is, after defendant obtained counsel at her 35-day call, her counsel brought pretrial motions, engaged in a successful plea negotiation with the state, and represented defendant through the stipulated-facts trial and sentencing—and, thus, the state asserts, she is not entitled to further relief. Defendant, for her part, insists that she must be put in exactly the same position she was in when her right to counsel was violated— at arraignment with the opportunity to engage in plea negotiations with the state (including statutory offers that are available only at arraignment, such as the REAP program). Defendant points out that a plea that included a dismissal of defendant's charges was no longer available by the time she had obtained counsel.

We agree with defendant that she is entitled to the remedy she seeks on appeal. Having concluded that defendant suffered prejudice from the denial of her right to counsel at arraignment, we must afford defendant the "do-over" of a new arraignment with the assistance of counsel to which she is entitled under Oregon law.[3]

Reversed and remanded.

---

[3] Our disposition should not be understood to imply that the state is required to make a plea offer to defendant. *See* ORS 135.405(6)(a) ("A district attorney may provide a plea offer and agreed disposition recommendation to the defendant at the time of arraignment or first appearance of the defendant for a crime in open court under an early disposition program established under ORS 135.941."). It means only that defendant is to be placed back in the position that she enjoyed at her initial arraignment. *See, e.g., Richardson,* 159 Or App at 603 (reversing and remanding for new trial because "we are unable to determine" whether defendant's challenges to the indictment would have been different if defendant had been represented by counsel).