616 June 17, 2026 No. 551

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Beth ORCUTT,
*Petitioner-Respondent,*
*v.*
Robert FRIES,
*Respondent-Appellant.*
Jackson County Circuit Court
21DR03068; A188204

David J. Orr, Judge.

Submitted April 8, 2026.

Andy Simrin and Andy Simrin PC filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Supplemental judgment vacated and remanded.

## SHORR, P. J.

Respondent Fries (father) appeals from a supplemental judgment that modified a previous domestic relations judgment. The supplemental judgment modified custody from joint custody with both parents to sole custody with petitioner Orcutt (mother). It also temporarily changed the parenting time relating to the children's time with father's wife, stepmother. Mother does not appear before us. Father raises three assignments of error that challenge the court's ruling that modified custody and parenting time. Because we agree with father's first assignment of error and it results in our vacating the supplemental judgment, we need not reach the other assignments of error. As a result, we vacate the supplemental judgment and remand this matter to the trial court.

The facts necessary for our opinion are largely procedural. Father and mother initially agreed to joint custody of their two children, which was reflected in a general judgment. The parties also agreed that if father, who served in the military, was on an overseas deployment, father's weekend parenting schedule would be assumed by stepmother. At a later point in time, father was deployed with the military overseas to Egypt for an extended period. Suffice it to say that there was conflict between mother and stepmother, particularly over an incident during the time that the children were with stepmother during her assumed parenting time. Mother moved to change custody and parenting time.

Father alerted the trial court by letter that he was serving overseas. Pursuant to 50 USC section 3932, which is part of the Servicemembers Civil Relief Act, he asked the court to stay all proceedings until he returned or, if not stayed until that point, for at least 90 days. Father participated in some hearings through the internet from his foreign military base, but the connection was not always reliable. After the 90 days passed, father again asked the court to stay the proceeding until he returned from overseas military service. In his written request, he specifically contended that federal law required that, if the court were to deny his request, it must appoint him an attorney to represent his interests and could not enter a judgment without doing so.

The court denied father's second motion to stay and did not appoint him an attorney. The court observed that it was required to grant the initial request for a 90-day stay but concluded that it had discretion to deny a second request. The court noted that father had been able to file his own motions from overseas, reasoned that he was able to litigate matters, remarked that father had been able to successfully articulate his positions and mother had more difficulty, and further stated that father was using the law to his strategic advantage. Father again objected—taking the position that he was actually disadvantaged by being overseas because mother had access to court staff while he did not have an attorney to help him in Oregon. Although the court denied father's second motion to stay, it initially did not decide on mother's motion to change custody for other reasons.[1] At the subsequent hearing on the merits of mother's motion, the court modified custody in favor of mother and temporarily changed parenting time—again over father's objection and request for a stay while he was deployed overseas.

Father assigns error to that decision. Under 50 USC section 3932(b), a person in military service, such as father, may request a stay of a civil proceeding, including a child custody proceeding, and the court "shall" grant the stay for 90 days if certain conditions relating to the person's active military service and their notice of the proceedings are met. Those conditions were met in this case, and the trial court appropriately granted the initial 90-day stay. However, a service member may seek an *additional* stay under 50 USC section 3932(d)(1) "based on continuing material affect of military duty on the servicemember's ability to appear." We need not resolve whether the court erred in applying that section or whether that section provided the court with a wide range of discretion to deny the stay in these circumstances. Significantly, if a court denies the request for an additional stay, "the court shall appoint counsel to represent the servicemember in the action or proceeding." 50 USC § 3932(d)(2). That did not occur here despite father's request

---

[1] During this time, the court noted some procedural deficiencies in mother's motion and attempted, pending resolution of the custody issues, to get the children their own counsel, which ultimately proved unsuccessful.

for an attorney. As a result, the trial court erred.[2] We also cannot say that there was little likelihood that father was not harmed by the court's failure to appoint an attorney when father then immediately lost on mother's pending motion to change custody. Indeed, there was a substantive dispute about whether mother proved a change in circumstances justifying a change in custody. *See* ORS 107.169(5) (stating standard for change from joint custody). We cannot say that the error, the failure to appoint the attorney, had little likelihood of affecting the resulting change in custody. *See State v. Cole*, 323 Or 30, 36, 912 P2d 907 (1996) (court's error in accepting the defendant's uninformed waiver of the right to counsel was not harmless when the court could not determine whether competent counsel may have assisted the defendant). As a result, we vacate the supplemental judgment modifying custody and temporarily changing parenting time and remand to the trial court for further proceedings.[3]

Supplemental judgment vacated and remanded.

---

[2] We note that this proceeding arose at a time when courts throughout Oregon were having difficulty securing appointed counsel even for criminal defendants who have a constitutional right to counsel. *See State v. Roberts*, 374 Or 821, 826-27, 584 P3d 1217 (2026) (describing the "systemic, statewide public defense crisis" in Oregon in recent years that has resulted in an inability to promptly appoint counsel for all indigent defendants). Indeed, the trial court wanted to appoint counsel for the children here but could not secure an attorney for them. Still, under section 3932, the court could have extended the stay and, if it did not, that statute required appointment of counsel. The trial court could not both deny a stay and not appoint counsel.

[3] Father also argues that the trial court plainly erred in not applying ORS 107.145(3), which provides, subject to limited exception, that a court "may not set aside, alter or modify any portion of a judgment *** that provides for the custody, parenting time, visitation, support and welfare of a minor child of a deployed parent until 90 days after the completion of the deployed parent's deployment" unless the matter was decided by the court before the parent's deployment. It appears that that section might have application to these facts, but we need not decide the issue on a plain-error basis. We therefore decide this appeal based on the preserved federal statutory argument.